21979

Larry O. NICHOLS, Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

(306 S. E. (2d) 616)

*Henry Summerall, Jr.,* Aiken, *for appellant.*

*Ronald A. Maxwell,* of *Johnson, Johnson, Maxwell, Whittle & Snelgrove,* Aiken, *for respondent.*

*Michael Parham* of *Abrams, Bowen & Parham,* Greenville, and *W. Thomas Vernon,* of *King & Vernon,* Columbia, *for S. C. Trial Lawyers Ass'n, amicus curiae.*

*Charles E. Carpenter, Jr.,* of *Richardson, Plowden, Grier & Howser,* Columbia, *Jack H. Tedards, Jr., Leatherwood, Walker, Todd & Mann,* Greenville, and *William L. Pope,* of *Robinson, McFadden, Moore & Pope,* Columbia, *for S. C. Defense Trial Attys., amicus curiae.*

August 24, 1983.

PAUL M. MOORE, Acting Associate Justice:

This is a tort action for bad faith refusal to pay first party benefits under an insurance policy. The jury awarded Nichols (Respondent) ten thousand ($10,000.00) dollars actual damages and ten thousand ($10,000.00) dollars punitive damages. We affirm.

Resondent's 1969 Chevrolet Corvette automobile was stolen from a parking lot. When the car was recovered it had sustained substantial damage to the exterior and to its high performance engine. The car was insured against theft loss

through appellant State Farm (Insurer). Respondent filed claims for reimbursement of repair costs with his insurance carrier and Insurer refused to pay the full claim. Respondent then brought suit alleging two causes of action; the first for breach of contract and the second for bad faith refusal to pay first party benefits. Respondent further alleged that actions of the Insurer caused delays in having the car repaired for over seven (7) months. A jury returned verdicts in favor of Respondent on both causes of action.

Insurer moved to have the verdict reformed. Reasoning that actual damages were the same under both causes of action, and that Respondent was not entitled to double recovery of his actual damages, the trial judge struck the damages under the first cause of action and sustained the jury's verdict as to the second. Insurer appeals alleging several grounds of error.

The first issue raised is whether this State should recognize an action for bad faith in an insurer's handling of a claim for first party benefits. This cause of action was first recognized in *Gruenberg v. Aetna Insurance Co.*, 9 Cal. (3d) 566, 108 Cal. Rptr. 480, 510 P. (2d) 1032 (1973) and has since been adopted in over twenty-five states.

The *Gruenberg* decision is premised on an implied covenant of good faith and fair dealing that neither party will do anything to impair the other's rights to receive benefits under the contract. Breach of this duty by an insurer's bad faith refusal to settle the claims of its insured renders the insurer liable in tort for all consequential damages; actual damages are not limited by the contract. *See also, Robertsen v. State Farm*, 464 F. Supp. 876, 879 (D.C.S.C. 1979); and *Trimper v. Nationwide Ins. Co.*, 540 F. Supp. 1188 (D.C.S.C. 1982).

While we have never ruled on this precise question, we held in *Tyger River Pine Co. v. Maryland Casualty Co.*, 170 S. C. 286, 170 S. E. 346 (1933) that an insurer's unreasonable refusal to settle within policy limits subjects the insurer to tort liability. We have held also that unreasonable refusal on the insurer's part to accept an offer of compromise settlement will render it liable in tort to the insured for the amount of the judgment against the insured in excess of policy limits. *Miles v. State Farm Mutual Ins. Co.*, 238 S. C. 374, 120 S. E. (2d) 217 (1961). The cause of action we consider today and that which is

commonly known as the "Tyger River Doctrine", are merely two different aspects of the same duty.

The public policy reasons for recognizing this cause of action are plentiful. The insurance business is affected with a public interest. *Hinds v. United Ins. Co. of America*, 248 S. C. 285, 149 S. E. (2d) 771 (1966). An insured ordinarily possesses no bargaining power and no means of protecting himself from the kind of treatment of which Respondent complained. "An insured does not contract to obtain any kind of commercial advantage or leverage but only to protect himself against the spectre of accidental [or unavoidable] loss." *Trimper v. Nationwide Ins. Co.*, 540 F. Supp. 1188, 1193 (D.C.S.C. 1982.)

Absent the threat of a tort action, the insurance company can, with complete impunity, deny any claim they wish, whether vaild or not. During the ensuing period of litigation following such a denial, the insurance company has the benefit of profiting on the use of the insured's money. Heretofore, the only compensation a successful insured could expect through litigation was the belated payment of his claim and the possibility of recovering attorney fees up to two thousand five hundred ($2,500.00) dollars. *See, S. C. Code Ann.* § 39-9-320 (1976).

We hold today that if an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action. Actual damages are not limited by the contract. Further, if he can demonstrate the insurer's actions were willful or in reckless disregard of the insured's rights, he can recover punitive damages.

Insurer next argues that even if a tort action exists, the only reasonable inference from the evidence is that the insurance company did not act in bad faith. We have reviewed the record and find that sufficient conflicting evidence was presented to create a jury issue. We therefore rule that the trial judge properly denied Insurer's direct verdict motion.

Next, Insurer asserts the trial judge erred in failing to require Respondent to elect between his tort and contract causes of action. This exception is without merit. In Respondent's suit for breach of contract he must only show

that his claim is valid. In the tort action, Respondent must show bad faith or unreasonable conduct. Therefore, the jury could have found for Respondent on the contract and in favor of the Insurer in tort. Where a jury finds in favor of plaintiff on both causes of action as here, the verdict then must be reformed as plaintiffs may only recover once for their actual damages. The trial judge acted properly in presenting both causes of action to the jury and in striking the damages portion of the contract cause of action.

Insurer next argues the trial judge abused his discretion in ordering the parties to proceed to trial, despite the pendency of an appeal from an order overruling Insurer's demurrer to the tort action.

First, *S. C. Code Ann.* § 18-9-220 (1976) gives the trial judge discretion to order the parties to proceed to trial if he finds it will serve the ends of justice. Second, the trial judge was justified in overruling the demurrer based on this court's ruling in *Vaden v. College Heights Subdivision,* 261 S. C. 509, 201 S. E. (2d) 113 (1973) (holding that questions of novel impression should not be decided on demurrer) and *Baldwin v. Sanders,* 266 S. C. 394, 223 S. E. (2d) 602 (1976) (following *Vaden* and additionally holding that a complaint is sufficient if it states any cause of action or when the plaintiff is entitled to any relief whatever).

Additionally, if the judge had not ordered the parties to proceed on the tort action, the contract action could still have been tried. To obtain the statutory attorney's fees, Respondent would have to prove bad faith or refusal to pay without reasonable cause, the same set of facts required for the tort action. By ordering the parties to proceed to trial on all causes of action, the trial judge avoided the administrative waste of a second trial and the possibility of two appeals involving the same parties and the same facts. This was a proper exercise of discretion under § 18-9-220.

Next, Insurer alleges the trial judge erred in failing to charge the jury that "if the action of a party was within its legal rights, such action cannot be a legal wrong, and cannot be the basis of an action for damages."

Insurer states in their brief that this charge "related to the entire matter of bad faith, but had particular reference to [respondent's] claim that [Insurer] committed bad faith by

notifying the [respondent's] homeowners insurance company, State Farm Fire and Casualty Insurance Company, that [respondent] had a possible claim pending for theft coverage under his automobile policy." Insurer then argues that State Farm Fire and Casualty Insurance Company was within its legal rights in failing to renew Respondent's policy. However, whether the company had the right to renew the policy was not in issue; rather, the issue was whether the non-renewal showed bad faith. This exception is overruled.

Insurer next argues the trial judge erred in instructing the jury that an insured can recover in a "bad faith" cause of action for negligence of the insurer in handling the claim. Under our view of the bad faith cause of action, above stated, the jury is entitled to consider negligence on the issue of unreasonable refusal to pay benefits. *See generally, Tyger River Pine Co., supra;* and *Robertsen, supra.*

Next, appellant contends the trial judge erred in failing to strike punitive damages. This exception is contingent on the disposition of the first exception. Since we have chosen to recognize the tort cause of action, this exception is accordingly overruled.

Finally, Insurer argues the trial judge erred in awarding attorneys' fees under *S. C. Code Ann.* § 38-9-320(1) (1976). This section provides:

> "In the event of a claim . . . which is covered by a policy of insurance . . . and the refusal of the insurer . . . to pay such claim . . . and a finding on suit of such contract made by the trial judge . . . that such refusal was without reasonable cause or in bad faith, the insurer . . . shall be liable to pay . . . attorneys' fees." (Emphasis added.)

We hold that this provision applies only to a breach of contract cause of action and is therefore inapplicable to a tort action. Since the contract action was, in effect, vacated, the award of attorneys' fees should have been vacated with it and we so hold.

The verdict of the lower court is affirmed with the exception that the award of attorneys' fees is vacated.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.