0114

Robert C. WILSON, Appellant, v.
INSURANCE COMPANY OF NORTH AMERICA, Respondent.
(313 S. E. (2d) 640)

Court of Appeals

*Alvin Hammer*, of *Hammer & Bernstein*, Columbia, *for appellant.*

*Danny C. Crowe*, of *Turner, Padget, Graham & Laney*, Columbia, *for respondent.*

March 5, 1984.

GOOLSBY, Judge:

This is an appeal by Robert Wilson from an order of the trial court granting the motion by the Insurance Company of North America (North America) to strike certain language from the complaint upon the grounds that the language is irrelevant, is immaterial, and fails to set forth elements of a cause of action recognized in South Carolina. We reverse.

Wilson was the holder of a homeowner's insurance policy issued by North America. The policy provided coverage for storm damage to his home. On February 6, 1979, while the policy was in full force and effect, Wilson's home was severely damaged by an ice storm. He filed a claim with North America to recover his loss but it was never paid.

Wilson brought suit alleging in a single cause of action that North America breached the contract of insurance and acted "without just cause, unreasonably and in bad faith, willfully and with reckless disregard of [Wilson's] rights, [in] wrongfully . . . [failing and refusing] to perform its obligation[s] under [the insurance] contract." The alleged obligations were the duties to investigate the claim fully and fairly and to make any payments as were "undisputedly due." Wilson sought actual and punitive damages in additon to attorney's fees.

North America sought to strike from the complaint the words "without just cause, unreasonably and in bad faith, willfully and with reckless disregard of [Wilson's] rights, wrongfully." In addition, North America sought to strike from the prayer the demands for punitive damages and attorney's fees.

The trial court held that: (1) punitive damages for breach of contract would not be awarded in South Carolina unless accompanied by an independent fraudulent act or conduct; (2) a mere refusal to pay an insured's claim will not support an

award for punitive damages; and (3) while the legislature provided for an award of attorney's fees in the event of an unreasonable or bad faith denial of a claim, it did not confer any right to bring an action for a tortious breach of an insurer's duty of good faith and fair dealing.

Our Supreme Court recently recognized a cause of action for bad faith refusal to pay first party benefits due under an insurance contract. *Nichols v. State Farm Mutual Automobile Ins. Co.*, 279 S. C. 336, 306 S. E. (2d) 616 (1983). The court held that:

> if an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action. Actual damages are not limited by the contract. Further, if he can demonstrate the insurer's actions were willful or in reckless disregard of the insured's rights, he can recover punitive damages.

306 S. E. (2d) at 619.

In *Carter v. American Mutual Fire Ins. Co.*, 279 S. C. 367, 307 S. E. (2d) 225 (1983), the Supreme Court again followed these principles in overruling a demurrer to a cause of action alleging bad faith refusal to pay insurance benefits. In that case, the trial court sustained a demurrer to the cause of action finding that the insurance company only owed a contractual duty to the insured, that allegations couched in terms of negligence could not convert a breach of contract action into a tort action, and that, to recover punitive damages for breach of contract, the insured must show fraudulent acts or intentions. The Court quoted the above language from *Nichols* and reversed the order sustaining the demurrer.

The case before us is very similar; and we, therefore, conclude that under *Nichols* and *Carter*, Wilson stated a cause of action for bad faith refusal to pay benefits. *Cf. Carolina Bank and Trust Company v. St. Paul Fire and Marine Co.*, S. C., 310 S. E. (2d) 163 (S. C. App. 1983). The judgment of the trial court is hereby reversed and the case remanded for trial.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.