**Frederic C. JEFFERSON, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

Civ. A. No. 87–1886–3.

United States District Court,
D. South Carolina,
Greenville Division.

Nov. 25, 1987.

1402

W. Thomas Webber, Jr., Greenville, S.C., for plaintiff.

W. Francis Marion, Jr., Haynsworth, Marion, McKay & Guerard, Greenville, S.C., for defendant.

## ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

This is an action brought by plaintiff Frederic C. Jefferson alleging defendant Allstate Insurance Company breached a duty of good faith and fair dealing with respect to Allstate's handling of an uninsured motorist claim. Defendant timely filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that plaintiff had failed to state facts sufficient to constitute a cause of action. This matter came before me on September 4, 1987. Plaintiff was represented by M. Thomas Webber, Jr., Esquire, and defendant was represented by W. Francis Marion, Jr., Esquire, of the firm Haynsworth, Marion, McKay and Guerard. Upon considering the pleadings in this action, the motion to dismiss, and argument of counsel, I find that the motion to dismiss should be denied.

On or about August 14, 1980, the defendant Allstate issued to the plaintiff an automobile insurance policy on a 1973 Ford pickup truck. While this policy was in effect, the plaintiff, while operating his Ford pickup truck, was involved in a collision with an uninsured automobile. The collision was caused by the alleged negligence of the uninsured motorist. The plaintiff sustained property damages resulting from this accident, and he timely notified Allstate who refused to pay the claim.

Plaintiff alleges that Allstate breached a duty of good faith by failing to reasonably compromise, settle or pay the uninsured motorist claim. Allstate argues in its motion to dismiss that South Carolina does not recognize a bad faith cause of action against an uninsured motorist carrier. The plaintiff concedes that a bad faith cause of action against an uninsured motorist carrier has not been decided by the South Carolina courts, but contends that if presented with the issue, South Carolina courts would recognize such an action.

The sole question of law presented by the defendant's motion to dismiss is whether under South Carolina law there is an implied covenant in an automobile insurance policy that the insurance company will handle a claim under the uninsured motorist provision of the policy fairly and in good faith. I find this precise question has not been ruled upon by the South Carolina courts. I find that South Carolina would recognize such an action under the facts of the instant case.

The South Carolina Supreme Court has long recognized a duty by the insurer to act in good faith and to exercise reasonable care in defending an action on the policy brought by its insured. *Tyger River Pine Co. v. Maryland Casualty Co.*, 170 S.C. 286, 170 S.E. 346 (1933). An insurer's unreasonable refusal to settle within policy

limits is viewed as a breach of this duty and will subject the insurer to tort liability. *Tyger River Pine.* Additionally, in *Miles v. State Farm Mutual Insurance Co.,* 238 S.C. 374, 120 S.E.2d 217 (1961), the court held that when an insurer is defending a claim brought against its insured unreasonable refusal on the insurer's part to accept an offer of compromise settlement will render it liable in tort to the insured for the amount of the judgment against the insured in excess of policy limits. Furthermore, South Carolina recognizes that an insured has a cause of action based upon an insurer's bad faith or unreasonable action in processing a claim under a mutually binding insurance contract. *Nichols v. State Farm,* 279 S.C. 336, 306 S.E.2d 616 (1983).

In *Nichols,* the defendant-insurer had refused to pay for certain repair costs of the plaintiff-insured under the collision provisions in an automobile policy. The South Carolina Supreme Court, relying in part on the California case of *Gruenberg v. Aetna Insurance Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973), reasoned that there was "an implied covenant of good faith and fair dealing that neither party will do anything to impair the other's rights to receive benefits under the contract." *Nichols,* 306 S.E.2d at 618. The court further recognized that there were public policy reasons for recognizing such a cause of action, namely, that the insured possesses no bargaining power and no means of protecting himself from the kind of treatment complained of and, absent the threat of a tort action, the insurance company can, with complete impunity, deny any claim it wishes whether valid or not. *Nichols,* 306 S.E.2d at 619.

Allstate argues that the *Nichols* holding is limited to the payment of first party benefits by insurers. I disagree. While it is true that *Nichols* dealt solely with the issue of payment of first party benefits, there is nothing in *Nichols* which suggests that this holding would exclude a cause of action under the uninsured motorist provi-

sions of an automobile insurance policy. *Nichols* places no limitation on an insurer's duty of good faith and fair dealing with its insured.

This court's finding is supported by decisions in other jurisdictions. *See Craft v. Economy Fire and Casualty Co.,* 572 F.2d 565 (7th Cir.1978); *Richardson v. Employer's Liability Assurance Corp.,* 25 Cal. App.3d 232, 102 Cal.Rptr. 547 (1972); *See also, MFA Mutual Ins. Co. v. Flint,* 574 S.W.2d 718 (Tenn.1978); *Bibeault v. Hanover Ins. Co.,* 417 A.2d 313 (R.I.1980).

In *Craft v. Economy Fire and Casualty Co.,* 572 F.2d 565 (7th Cir.1978), the Seventh Circuit Court of Appeals found uninsured motorist insurance could not be distinguished from first party insurance with respect to the existence of a duty on the part of the insurer to handle the insured's claim fairly and in good faith.[1] The court agreed that in an uninsured motorist situation there was no element of "control" by the insurance company over the insured's litigation which would give rise to a "fiduciary duty" as in a third party liability insurance suit. The court held, however, that it did not necessarily follow that the insurer was completely free of any obligation of good faith and fair dealing to its insured since the latter duty was based on the reasonable expectations of the insured and their unequal bargaining positions, rather than the insurance company's "control" of the litigation. *See Craft v. Economy Fire and Casualty Co.,* 572 F.2d 565 (1978); *Richardson v. Employer's Liability Assurance Corp.,* 25 Cal.App.3d 232, 102 Cal. Rptr. 547 (1972). The *Craft* court held that in this respect the uninsured motorist coverage is similar to first party insurance coverage giving rise to a duty of good faith and fair dealing.

In the leading case of *Richardson v. Employer's Liability,* a decision prior to the California *Gruenberg* decision which was relied upon by the South Carolina Supreme Court in *Nichols,* the Second Dis-

---

1. The court, following the UCC definition, defined "good faith" as "honesty in fact in the conduct or transaction concerned." *Craft v.*   *Economy Fire and Casualty Co.,* 572 F.2d 565 (7th Cir.1978) at 568.

trict Court of Appeals in California recognized that in "every insurance policy there is an implied covenant of good faith and fair dealing," including uninsured motorist policies. *Richardson*, 25 Cal.App.3d at 552, 102 Cal.Rptr. 547. In *Nichols*, South Carolina followed the reasoning of the California courts in recognizing a good faith cause of action. There is no reason to believe that South Carolina would not extend the *Nichols* holding to recognizing such a cause of action to uninsured motorist claims, as the Second District Court of Appeals held in *Richardson*.

Allstate submits that an insurer does not owe a duty of good faith to its insured under the uninsured motorist provisions because under section 56–9–830 of the South Carolina Code of Laws 1976, as amended, an insurance carrier has the "right to appear and defend in the name of the uninsured motorist in any action which may affect its (the insured's) liability...." Allstate argues that this statutory right places the insurance carrier and the insured in an adversarial relationship by allowing the insurer to step into the shoes of the uninsured motorist. Therefore, Allstate contends that where this adversarial relationship exists, there can be no duty of "good faith" with regards to settling a disputed claim.

In *Craft* the defendant insurer raised arguments similar to Allstate's in an attempt to defeat the recognition of a "bad faith" cause of action. Allstate argues, as did the insurer in *Craft*, that the existence of a good faith duty is totally incompatible with the substituted liability of uninsured motorist coverage and the resulting adversarial relationship between the insurer and insured. The Seventh Circuit was not convinced by this argument:

> Uninsured motorist coverage represents substituted liability only in the sense that a determination that the uninsured motorist is legally liable through the insured is a condition precedent to the obligation of the insurer to pay off on the policy. In this determination, the insurer stands in the shoes of the uninsured motorist with regard to the question of whether the later was negligent and with

regard to his defenses as to contributory negligence. This does not make the insurance company an insurer *in fact* of the uninsured motorist. Their relationship is not characterized by the rights and duties normally incident to the relationship between an insured and his insurer under a third party liability policy. Moreover, it does not make the insurer a stranger to its insured. After all, the insured is the one who pays the premiums for the uninsured motorist protection and the "reasonable expectation" that he will be dealt with fairly and in good faith by his insurer is still present.

*Craft*, 572 F.2d at 569.

As recognized by the Seventh Circuit, the fact that an insurance company and its insured hold adverse positions on the issue of liability "does not materially distinguish uninsured motorist insurance from first party insurance with respect to the existence of a duty of the part of the insurer to handle the insured's claim fairly and in good faith." *Craft*, 572 F.2d at 569.

Allstate submits that the holdings in *Squires v. National Grange Mutual Ins. Co.*, 247 S.C. 58, 145 S.E.2d 673 (1965), and *Vernon v. Harleysville Mutual Cas. Co.*, 244 S.C. 152, 135 S.E.2d 841 (1964), stand for the proposition that an uninsured motorist carrier's duty is limited to paying judgments rendered against an uninsured motorist up to the insured's policy limits. These cases do not necessarily support the conclusion that there is a complete absence of a duty of good faith and fair dealing in uninsured motorist situations. Neither of these cases address the question of an insured's duty of good faith.

Finally, Allstate submits that the South Carolina holding in *Laird v. Nationwide Ins. Co.*, 243 S.C. 388, 134 S.E.2d 206 (1964), prohibits a bad faith cause of action under an uninsured motorist claim because in *Laird* the court held that an insured must establish legal liability against an uninsured motorist prior to bringing an action *ex contractu* against his insurance company to recover uninsured motorist benefits. *Laird* is inapplicable to the cur-

rent action because it did not expressly address the "bad faith" issue.

For the reasons set forth above, the motion to dismiss is denied.

IT IS SO ORDERED.