PER CURIAM.
The trial court granted defendant Liberty Mutual Insurance Company’s motion to dismiss the plaintiff’s tort claims for bad faith refusal to pay a claim and bad faith refusal to investigate a claim. The dismissal was made final pursuant to rule 54(b), A.R.Civ.P. A claim for breach of contract remains pending in the trial court.
*942 In a “motion to dismiss” context, the trial court — without evidentiary support— ruled that, as a matter of law, a “bad faith” claim by the insured for refusal to pay may not be maintained against the uninsured motorist insurer under any discernible set of circumstances. We reverse and remand.
The trial court’s holding reflects a misreading of three of our cases dealing with this issue: Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033 (Ala.1983); Bowers v. State Farm Mut. Auto. Ins. Co., 460 So.2d 1288 (Ala.1984); and Aetna Cas. and Sur. Co. v. Beggs, 525 So.2d 1350 (Ala.1988).
An individual analysis of each case is not necessary. Suffice it to say that each of these uninsured motorist cases rejected the bad faith claim because of the claimant’s failure to meet the well-established requisite elements of the tort of bad faith. By reaching the “requisite element of the claim” issue, the Court, in these cases, necessarily held that the uninsured motorist insurer was not entitled to a dismissal of the claim as a matter of law. We perceive no public policy reason to distinguish between a “bad faith” claim in an uninsured motorist context and a “bad faith” claim in other two-party insurance contexts.
Indeed, because of the legislative mandate for uninsured motorist protection (Ala. Code 1975, § 32-7-23), the policy considerations for allowing such claims are enhanced, not diminished. As stated by the Washington Court of Appeals in Escalante v. Sentry Insurance Co., 49 Wash.App. 375, 743 P.2d 832 (1987):
“Like most jurisdictions, Washington has enacted underinsured motorist statutes expressing a strong public policy favoring full coverage for innocent injured parties. We believe such a strong public policy demands good faith dealing on the part of insurers. As one authority correctly points out,
“ ‘[t]he various state insurance laws that establish the requirements for uninsured motorist insurance are clearly intended to benefit all insureds, and the attainment of this goal certainly encompasses requiring the fair and equitable settle- - ment of uninsured motorist insurance claims. Unreasonable conduct by an insurer frustrates the public policy embodied in state’s insurance Legislation, as well as breaching the implied-in-law duty. Thus, the standard by which the conduct of insurers is judged arguably should be higher in regard to uninsured motorist claims than it is for other first party insurance coverages. In other words, given the fact that uninsured motorist insurance is the subject of statutory requirements in forty-nine states, a persuasive argument can be made for the proposition that the duty of an insurer to act in good faith and fairly should be of the highest order in regard to claims arising under this coverage. The public interest in this coverage means that insurers should be obligated to exercise the greatest care and highest level of good faith and fair dealing. (Footnote omitted.) 2A Widiss, Uninsured and Underinsured Motorist Insurance, § 20.3 (2d ed. 1987).’ ”
49 Wash.App. at 385, 743 P.2d at 838.
For other cases recognizing “bad faith” claims against uninsured motorist insurers, see Jefferson v. Allstate Ins. Co., 673 F.Supp. 1401 (D.S.C., 1987); Craft v. Economy Fire & Casualty Co., 572 F.2d 565 (7th Cir.1978); Richardson v. Employer’s Liability Assurance Corp., 25 Cal.App.3d 232, 102 Cal.Rptr. 547 (1972); Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 148 Cal.Rptr. 389, 582 P.2d 980 (1978); Bibeault v. Hanover Ins. Co., 417 A.2d 313 (R.I.1980); MFA Mutual Ins. Co. v. Flint, 574 S.W.2d 718 (Tenn.1978); and Lee v. Allstate Ins. Co., 648 F.Supp. 1295, 1300 (D.Nev.1986).
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.