918 F.2d 955
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Erika D. CROPF, Plaintiff-Appellee,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellant.
Erika D. Cropf, Plaintiff-Appellant,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 Nos. 89-3275, 89-3278.
 United States Court of Appeals, Fourth Circuit.
 Argued April 2, 1990.
Decided Nov. 21, 1990.
As Amended Dec. 20, 1990.
 
 Appeals from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-88-1619-3-16)
 George Eugene Lewis, Sr., Turner, Padget, Graham & Laney, P.A., Columbia, S.C., for appellant.
 Kenneth Michael Suggs, SUGGS & KELLEY, LAWYERS, P.A., Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and GARBIS, United States District Judge for the District of Maryland, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The district court denied appellant Prudential Insurance Company of North America's (hereinafter "Prudential") motion for judgment n.o.v. in the breach of contract action filed against it by Erika D. Cropf. The district court also directed a verdict in favor of Prudential on Cropf's claim for punitive damages.
 
 
 2
 The parties cross-appeal and we affirm.
 
 I.
 
 3
 On May 16, 1982, plaintiff Cropf fell and injured her back while working at her place of employment, a "Pantry" convenience store. She received treatment from several physicians and two chiropractors, and filed claims with her employer and her insurer, Prudential. Ultimately, she received workmen's compensation benefits to cover the majority of her medical expenses associated with the accident. However, while the South Carolina Industrial Commission (hereinafter "the Commission") ruled that Cropf's fall was an injury by accident arising out of and in the course of her employment, it decided the workmen's compensation carrier was not obligated to pay her chiropractic expenses since her treatments were not authorized by the carrier or Cropf's employer.
 
 
 4
 Shortly thereafter, Cropf's attorney informed Prudential that in view of the Commission's ruling, Prudential should voluntarily accept responsibility for the payment of Cropf's chiropractic expenses under her Comprehensive Health Insurance Program policy (hereinafter "CHIP policy").[1] Initially, Prudential representatives authorized payment of Cropf's chiropractic claims, but upon further review notified Cropf's counsel that the previous payments had been made in error, and that chiropractic charges incurred after February 28, 1985, would not be paid.
 
 
 5
 Cropf brought this breach of contract action against Prudential to recover her chiropractic expenses, and also to obtain attorney's fees, consequential and punitive damages premised on Prudential's bad faith refusal to pay benefits under the insurance contract.
 
 II.
 
 6
 In a jury trial, at the close of all the evidence, the district court directed a verdict in favor of the plaintiff on her breach of contract claim. Additionally, the court directed a verdict in favor of Prudential on Cropf's bad faith claim insofar as she sought consequential and punitive damages, but submitted to the jury the issue of Cropf's entitlement to attorney's fees.[2] Following the entry of judgment,[3] Prudential moved for judgment n.o.v. seeking to set aside the award of contract damages and attorney's fees. Defendant's motion was denied by order of the district court on May 10, 1989.
 
 
 7
 On appeal, Prudential challenges the district court's denial of its motion for judgment n.o.v. on Cropf's breach of contract claim.[4] Cropf cross-appeals the district court's order directing a verdict in favor of Prudential on the issue of punitive damages.
 
 
 8
 We affirm the district court's rulings on both issues.
 
 III.
 
 9
 We initially consider whether the district court's denial of Prudential's motion for judgment n.o.v. was appropriate.
 
 
 10
 As noted, Prudential initially paid a portion of Cropf's claim, but ultimately they denied further coverage relying on the following policy exclusion contained in Cropf's insurance contract:
 
 
 11
 This policy does not cover--
 
 
 12
 Occupational Injury or Disease--Charges in connection with injury or disease recognized as a compensable loss by the provisions of any workmen's compensation, occupational disease or similar law under which you are covered.
 
 
 13
 At trial, Prudential argued that even though the Commission found that Cropf's chiropractic treatments were not authorized treatments, the Commission did, none the less, determine that Cropf's injury was a "compensable" injury within the meaning of the state's workman's compensation law as it was employment-related. According to Prudential, the contract provision in question unambiguously excluded coverage for medical expenses arising in connection with an injury or disease recognized as a "compensable loss" under South Carolina's workmen's compensation law; therefore Prudential was not responsible for any charges associated with the treatment of Cropf's injury.
 
 
 14
 The district court disagreed with Prudential's interpretation of the contract provision, holding that the exclusionary language was susceptible of two interpretations, and therefore ambiguous as a matter of law. In light of its ambiguity, the court held that the provision must be construed in favor of the insured. Judge Henderson stated:
 
 
 15
 It is unclear from the exclusion itself whether the participial phrase introduced by the word "recognized" modifies "charges" as the plaintiff urges, or "disease or injury" [sic] as the defendant maintains. Under the former interpretation, the language at issue would exclude only those charges which are recognized as a compensable loss under worker's compensation law so that charges for which an insured is not reimbursed by worker's compensation, such as the chiropractic costs here, are not excluded from the policy coverage. Under the defendant's construction, the language would exclude all charges which are related to an injury which is recognized as a compensable loss. Because the exclusion is ambiguous, capable of being construed either to permit or exclude the plaintiff's claims for chiropractic charges, the Court holds it is ambiguous and must therefore be strictly construed against the insurer to provide coverage for the insured.
 
 
 16
 Cropf v. Prudential Ins. Co. of America, CA-88-1619-3-16 at 4 (D.S.C. May 11, 1989) (citations omitted).
 
 
 17
 On appeal, Prudential challenges the district court's determination that the contract provision is ambiguous as a matter of law, relying primarily on a strict, grammatical construction of the exclusionary language.[5] We are not persuaded by Prudential's arguments, and agree with the district court that "it is unclear from the exclusion itself whether the participial phrase introduced by the word 'recognized' modifies 'charges' ... or 'disease or injury.' " Id. Accordingly, we find that the district court correctly determined that the exclusion is ambiguous as a matter of law, and properly denied Prudential's motion for judgment n.o.v. on Cropf's breach of contract claim.
 
 IV.
 
 18
 Cropf cross-appeals the district court's decision to grant a directed verdict in favor of Prudential on the issue of punitive damages.
 
 
 19
 In South Carolina, an insurer which fails to pay benefits claimed under an insurance policy is potentially liable for damages on three separate levels. Nichols v. State Farm Automobile Ins. Co., 279 S.C. 336, 306 S.E.2d 616, 619 (1983). First, if an insurer's policy is determined to be ambiguous, it will be held liable for straight breach of contract damages since South Carolina law will construe the policy in favor of the insured. Reid v. Life Ins. Co. of North America, Inc., 718 F.2d 677 (4th Cir.1983). Second, if an insurer unreasonably or in bad faith denies coverage, it can be held liable for consequential damages not limited to the contract amount. Nichols, supra, 306 S.E.2d at 619. Finally, if an insurer denies coverage in willful or reckless disregard of the insured's rights, the insurer can be held liable for punitive damages. Id.
 
 
 20
 Cropf maintains that the punitive damages issue should have been sent to the jury for their consideration in view of the circumstances.[6] According to Cropf, the fact that Prudential's own personnel arrived at two very different interpretations of the contract provision in question put it on notice that the exclusion was ambiguous. Prudential's subsequent decision to deny Cropf's claims, a decision allegedly made with knowledge of the policy's ambiguity, constituted a willful or reckless disregard of Cropf's rights. Consequently, Cropf argues, the jury should have been allowed to determine whether Prudential's conduct warranted the imposition of punitive damages. We disagree.
 
 
 21
 The district court in directing a verdict in favor of Prudential on the issue of punitive damages states "there is insubstantial evidence as a matter of law of either an intent to injure the insured or a conscious indifference to the rights of the insured." Record at 2-26; Cropf, supra. We also fail to see any evidence of either a willful or reckless disregard for Cropf's rights on the part of Prudential.
 
 
 22
 Moreover, we are concerned that a rule permitting the imposition of punitive damages because of evidence of disagreement within an insurance company will not advance the interests of insureds generally. The threat of punitive damages will only serve to encourage insurance company employees to avoid suggesting the allowance of debatable claims in order to preserve their ultimate litigation positions. We do not wish to disturb the delicate balance that exists between insurers and their insureds by increasing the availability of punitive damages under South Carolina law.
 
 
 23
 For the foregoing reasons, the judgment of the district court is
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 The policy, providing for basic medical coverage, had been in effect since 1977
 
 
 [2]
 The jury returned a verdict in favor of the plaintiff on the attorney's fees issue
 
 
 [3]
 Judgment was entered on March 30, 1989, awarding Cropf actual damages of $4,400.30, prejudgment interest of $513.37, and attorney's fees of $1,637.89
 
 
 [4]
 Prudential does not appeal the district court's award of attorney's fees
 
 
 [5]
 Prudential cites the "last antecedent doctrine" which stands for the proposition that modifiers are placed as near as possible to the words they are intended to modify. Therefore, Prudential contends, the participial phrase in the insurance contract beginning with the word "recognized" must properly be viewed as modifying "injury or disease" as opposed to "charges." This argument is unconvincing. The "last antecedent doctrine" is a rule of interpretation used to clarify a contract or statute that is ambiguous; the rule can not be applied to render otherwise ambiguous language unambiguous
 Prudential also argues that the use of the phrase "recognized as a compensable loss," which is singular in form, cannot properly modify the word "charges," which is plural. On the contrary, Prudential maintains that the phrase beginning with "recognized" properly modifies "injury or disease," which is also in singular form. While this argument may have grammatical merit, the very necessity of resorting to this subtle point to divine the meaning that Prudential itself intended supports the conclusion that the contract is facially ambiguous.
 
 
 [6]
 Prudential representatives initially interpreted the policy as providing coverage for the payment of Cropf's chiropractic claims. Subsequently, Prudential's Law Department adopted the position that the earlier payments were erroneously paid, and that the policy excluded coverage of the claims in question