600 So.2d 214 (1992)
Ex parte Joanna FULLER.
(In re Joanna FULLER
v.
Danny TOOLE, et al.).
1910462.
Supreme Court of Alabama.
March 20, 1992.
Rehearing Denied June 12, 1992.
Kenneth J. Mendelsohn and W. Daniel "Dee" Miles III of Beasley, Wilson, Allen, Mendelsohn, Jemison & James, P.C., Montgomery, for petitioner.
Joe C. Cassady, Jr. of Cassady, Fuller & Marsh, Enterprise, for respondent.
PER CURIAM.
Joanna Fuller petitions for a writ of mandamus ordering the Honorable Terry Butts, judge of the Coffee Circuit Court, to vacate his denial of her motion to compel production of a State Farm Mutual Automobile Insurance Company ("State Farm") claims file.
Fuller was injured on July 2, 1989, when the automobile she was driving was hit by the automobile Danny Toole was driving. Toole was arrested and charged with driving under the influence of alcohol. Fuller retained counsel on July 17, 1989, and subsequently sued Danny Toole, individually and as owner and operator of Danny Toole Motors, a sole proprietorship, alleging negligence and wantonness. Approximately two years later, on June 11, 1991, Fuller amended her complaint to include as defendants Bret Howard Trenkmann, doing business as "Manhattan's," and T.K. Cabaret, Inc., the owner and operator of "Cabaret," the two establishments that had served Toole alcohol on July 2, 1989. Her amended complaint also named her insured, State Farm, as a defendant and added counts alleging a bad faith offer to settle and a bad faith failure to pay uninsured motorist benefits.
Thereafter, Fuller sought discovery of State Farm's claims file in regard to the accident; State Farm objected, pursuant to Rule 26(b)(3), A.R.Civ.P., contending that its file had been generated in anticipation of litigation. Fuller filed a motion to compel, alleging that the requested documents had been made in the ordinary course of business and were, thus, discoverable. *215 Judge Butts denied Fuller's motion, and Fuller filed this mandamus petition.
Fuller argues that, because she seeks only those documents that were prepared before she added State Farm as a defendant, the documents she seeks were not generated in anticipation of litigation. This Court first considered the phrase "prepared in anticipation of litigation" in Ex parte State Farm Mutual Automobile Ins. Co., 386 So.2d 1133, 1135-36 (Ala. 1980):
"Numerous federal courts have considered the discoverability of reports and memoranda prepared by a party's insurer and have not arrived at a single position. The apparent majority of the federal courts appear to take the position that unless the insurer's investigation was [conducted] at the request of or under the guidance of an attorney, there is a conclusive presumption that the investigative reports were made in the ordinary course of the insurer's business and not in anticipation of litigation or for trial.
"Other federal cases, however, have arrived at the position that reports, statements, memoranda, and the like developed by the insurer during its investigation prior to the employment of counsel are prepared in anticipation of litigation and absent a Rule 26(b)(3) showing by the requesting party are not subject to discovery."
(Citations omitted.)
In concluding that the documents in Ex parte State Farm Mutual Automobile Ins. Co. were prepared in anticipation of litigation, this Court observed:
"In this case, State Farm's claims specialist testified, by affidavit, that from the very outset of his investigation, it was obvious to him that State Farm's insured was free from liability, and that he prepared all of the documents for eventual litigation. Even though State Farm did not turn over its file to its attorney until after the lawsuit was filed in September, we opine, from the meager evidence in the record, that the investigation was conducted in anticipation of litigation. From the nature of the case, a death claim, State Farm's agent could have reasonably concluded that its insured would be sued. This was not the type of fender-bender case where a settlement with the insured would likely occur without a lawsuit."
386 So.2d at 1136. In Ex parte State Farm Mutual Automobile Ins. Co., this Court directed that the plaintiff be given an opportunity to show that he had a "substantial need" of the materials at issue and could not without undue hardship obtain their substantial equivalent by other means.
In the present case, State Farm argues that Ex parte Bozeman, 420 So.2d 89 (Ala. 1982), is dispositive. In Bozeman, the plaintiff homeowners sued a company doing blasting near their house, alleging a nuisance, and they filed a claim with their insurer, State Farm, after the blasting damaged their house. The plaintiffs sued State Farm, alleging a bad faith refusal to pay under their homeowner's policy, after they became dissatisfied with State Farm's handling of their claim. The plaintiffs sought discovery of three specific documents, two of which were prepared after State Farm learned that the plaintiffs had retained counsel; the third document was prepared after the suit had been filed. The trial court denied the plaintiffs' Rule 34, A.R.Civ.P., motion for production of documents, and this Court denied the plaintiffs' petition for the writ of mandamus. In denying the petition, the majority stated, "Although we have meager evidence in the record before us, we are able to conclude that the trial court could find that the requested documents were, in fact, prepared in anticipation of litigation.... Because plaintiffs did not make the required showing of substantial need, the trial court properly denied their request for production of the documents sought." Bozeman, 420 So.2d at 90-91.
The distinction between Bozeman and this case is that we are unable here to conclude that the materials Fuller seeks were, in fact, prepared in anticipation of litigation. Under Rule 26(b)(3), the party objecting to discovery bears the burden of *216 establishing the elements of the work-product exception. Sims v. Knollwood Park Hospital, 511 So.2d 154 (Ala.1987). Based on the scant materials before us, we conclude that State Farm has not carried that burden. Unlike Ex parte Bozeman and Ex parte State Farm Mutual Automobile Ins. Co., supra, in this case there are no affidavits, memorandums, or reports to support the insurer's position. To hold that the materials Fuller seeks fall under the work-product exception, we would have to speculate, simply because State Farm was eventually added as a defendant, that it had generated those materials in anticipation of litigation.
While the trial court, under the Alabama Rules of Civil Procedure, has broad discretionary authority regarding discovery matters, that authority is not unlimited. Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991). A petition for a writ of mandamus will be granted to compel discovery if a clear abuse of discretion is shown. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981). We hold that there was a clear abuse of discretion in this case; therefore, the petition is due to be granted.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
I would deny the writ.
In Sanford v. Liberty Mutual Insurance Co., 536 So.2d 941, 942 (Ala.1988), I joined a majority of this Court in holding:
"In a `motion to dismiss' context, the trial courtwithout evidentiary supportruled that, as a matter of law, a `bad faith' claim by the insured for refusal to pay may not be maintained against the uninsured motorist insurer under any discernible set of circumstances. We reverse and remand.
". . . .
"... We perceive no public policy reason to distinguish between a `bad faith' claim in an uninsured motorist context and a `bad faith' claim in other two-party insurance contexts."

(Emphasis added.)
The insurance contract is not before this Court. Usually uninsured and underinsured motorist coverage gives the insurer a contract right to be in an adversarial position to the insured, for the insurer (1) can be joined as a defendant by the insured (subject to the insurer's right to elect not to participate in the trial but to be bound by the factfinder's decisions on issues of liability and damages) or (2) can intervene as a party adverse to its insured. Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala. 1988). See Ex parte Edgar, 543 So.2d 682 (Ala.1989).
I would not issue a writ of mandamus to make a trial court order a tort-feasor's insurance company to produce its file on the accident made the basis of the underlying suit in a bad faith action against the tort-feasor's insurer, without more than is before us in this action.
Therefore, I would deny the writ. Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order (which I do not find in this case); (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so (which I do not find in this case); (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Edgar, 543 So.2d at 684.