23808

Eleck J. DUNCAN, Respondent v. PROVIDENT MUTUAL LIFE
INSURANCE COMPANY of PHILADELPHIA, Appellant.

(427 S.E. (2d) 657)

Supreme Court

*John B. McCutcheon, Jr.* and *Mary Ruth M. Baxter*, both of
*McCutcheon, McCutcheon & Baxter, P.A.*, Conway, *for appellant.*

*Ronald R. Norton*, of *Cross, Singleton, Burroughs & Norton, P.A.*, Conway, *for respondent.*

Submitted Nov. 21, 1992.

Decided Feb. 22, 1993.

FINNEY, Justice:

This is an appeal from the circuit court's denial, in part, of
Appellant, Provident Mutual Life Insurance Company's
(Provident) motion to dismiss. We reverse.

On February 14, 1990, Provident issued a group health insurance policy to the employer of Respondent Eleck J. Duncan, and later canceled the policy. Duncan initiated an action against Provident for actual and punitive damages, alleging violations of the South Carolina Unfair Trades Practices Act (UTPA), S.C. Code Ann. § 39-5-10, *et seq.* (1976). Provident defaulted on the complaint and by order dated February 2, 1990, the circuit court vacated the default. Thereafter, Duncan amended his complaint and Provident answered by way of qualified general denial.

Subsequently, Provident moved to dismiss Duncan's second cause of action pursuant to Rule 12(b)(6), SCRCP, contending the UTPA was inapplicable, and for dismissal of the first and third causes of action under rule 12(b)(1) on the ground that jurisdiction of the state court was preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001, *et seq.* (1985). Duncan moved pursuant to Rule 15, SCRCP, to assert additional causes of action with respect to violation of the insurance statutes.

On July 3, 1990, the circuit court granted Provident's motion to dismiss the second cause of action, finding the UTPA inapplicable. The court denied the motion to dismiss Duncan's first and third causes of action, finding that ERISA did not preempt state court jurisdiction. Additionally, the court granted Duncan's motion to amend his amended complaint, holding that the motion to amend was timely made. Provident appeals.

First, Provident asserts that the circuit court erred in denying its motion to dismiss due to the state court's lack of subject matter jurisdiction. We disagree.

■ 29 U.S.C.A. § 1132(a)(1)(B) (1985), a civil action may be brought by a participant in or beneficiary of a group health insurance plan to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. Section 1132(e)(1) explicitly grants to state courts of competent jurisdiction and district courts of the United States concurrent jurisdiction of actions under Section 1132(a)(1)(B). Clearly, Duncan's action is one to recover benefits due him or to enforce rights under the

plan offered by Provident. Therefore, ERISA provides that the state court may retain jurisdiction.

Next, Provident contends the circuit court erred in holding that its cause of action for bad faith could be litigated in state court under South Carolina law specifically directed toward the insurance industry. We agree.

■ 29 U.S.C.A. § 1144(a) (1985) provides that any state law which "relates" to employee benefit plans is preempted by ERISA. However, the "saving clause" in Section 1144(b)(2)(A) sets forth the following exclusion: "[N]othing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance. . . ." Under the construction of this "saving clause," where a state has promulgated law governing the insurance issue in controversy, such state law is not preempted by ERISA. Additionally, Section 1144(b)(2)(B) contains a "deemer clause" which provides that any state law regulating insurance cannot deem an employee benefit plans to be an insurance company or like insurer.

■ In a case involving the Mississippi common law of bad faith, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41,107 S.Ct. 1549, 95 L.Ed. (2d) 39 (1987), the United States Supreme Court gave the following summary of the terms "relates to," "saving clause" and "deemer clause," as related to their effect on the provisions of ERISA.

> If a state law "relate[s] to . . . employee benefit plan[s]" it is preempted. § 514(a). The saving clause excepts from the pre-emption clause laws that "regulat[e] insurance." § 511(b)(2)(A). The deemer clause makes clear that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B). *Id.* at 45, 107 S.Ct. at 1552.

The *Pilot Life* Court, citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed. (2d) 728 (1985) concluded that, in a common sense meaning, in order for a law to regulate insurance the law "must not just have an impact on the insurance industry, but must be specifically directed toward that industry." *Id.*, 481 U.S. at 50, 107 S.Ct. at

1554. Therefore, if a state law does not regulate insurance, it is not saved by the preemption clause.

In *Nichols v. State Farm Mut. Automobile Ins. Co.*, 279 S.C. 336, 306 S.E. (2d) 616 (1983), this Court recognized an action for bad-faith refusal to pay benefits under an insurance policy. *Nichols* provides that "if an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action." *Id.*, 306 S.E. (2d) at 619. However, in *Pilot Life*, the Court held that state common-law tort and contract actions alleging improper processing of claims for benefits under an employee benefit plan were preempted by ERISA. The Court also determined that the "saving clause" does not except a tort claim based upon bad faith.

Although the bad-faith refusal to pay insurance benefits discussed in *Nichols* certainly impacts the insurance industry, we find that the expansive scope of ERISA preempts state common law tort and bad-faith actions when they are asserted against an employee benefit plan. *See Pilot Life, supra, FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed. (2d) 356 (1990), and *Ingersoll-Rand Co. v. McLendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed. (2d) 474 (1990).

While *Nichols* promotes this State's long-held philosophy that those in the insurance industry who fail to deal in good faith should be penalized, this Court is reluctantly bound by ERISA and federal law to hold that the tort created by *Nichols* is expressly preempted when the bad-faith claim arises under an employee benefit plan. For the foregoing reason, this Court reverses the judgment and rulings of the circuit court.

Reversed.

HARWELL, Acting C.J., CHANDLER and TOAL, JJ., concur.

GREGORY, C.J., not participating