HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. Michelle Gantt, a claims specialist for the defendant State Farm Mutual Automobile Insurance Company, stated in her March 2, 1999, affidavit that she was responsible for handling the claim and the lawsuit filed by Billy J. Smith regarding his accident that occurred on May 2, 1997. She also stated the following:
“1. The accident making the basis of this claim occurred on May 2, 1997.
“2. The claims file in question was set up on May 5, 1997.
“3. On May 7, 1997, a coverage request was made, and the insured was found to be outside of his coverage. At that time, a claims representative spoke with Mr. Smith telling him his policy had lapsed, and he then paid his premium to bring his policy current and to allow coverage to continue.
“4. On May 9, 1997, the policy was confirmed to have coverage. At that time, letters were sent to Mr. Smith regarding rental insurance and medical payments coverage. Copies of these letters are attached as a portion of the claims file.
“5. Thereafter, on May 14, 1997, the claims file was updated to show that the insured, Billy J. Smith, had obtained an attorney, Maurice Bell. From that point on, State Farm was under the impression and took the position that Mr. Smith planned to be involved in litigation regarding this accident, and the rest of any documentation from the claims file was made in anticipation of litigation.”
Normally, in the situation of an insured making a claim for uninsured- or underin-sured-motorist coverage, the insured and the insurer are in an adversarial relationship.[1] State Farm has not withheld any of *1005 the claims file prepared before May 14, 1997, the date Smith hired an attorney. For what purpose does one hire an attorney? To litigate. It was common sense for Gantt to assume that all her work on the claims file from then on was done in anticipation of litigation.
This Court, in Ex parte Bozeman, 420 So.2d 89 (Ala.1982), ruled in favor of the insurer based on just such evidence as was present in this case, an affidavit prepared by the claims specialist. In Bozeman, the plaintiffs’ home was damaged by blasting near their house; they filed a claim with their insurer, State Farm Fire and Casualty Company. State Farm offered no payment on that claim. The plaintiffs sued State Farm, alleging a bad-faith refusal to pay on the claim they had made pursuant to their homeowner’s policy. The plaintiffs sought discovery from State Farm of three documents, two that were prepared after State Farm had learned that the plaintiffs had retained an attorney and one that was prepared after their action had been filed. The trial court denied the plaintiffs’ motion to compel State Farm’s production of the three documents. The plaintiffs petitioned this Court for a writ of mandamus compelling the discovery. This Court wrote:
“Although we have meager evidence in the record before us, we are able to conclude that the trial court could find that the requested documents were, in fact, prepared in anticipation of litigation.”
420 So.2d at 90.
In Ex parte State Farm Mutual Automobile Insurance Co., 386 So.2d 1133 (Ala.1980), this Court stated:
“In this case, State Farm’s claims specialist testified, by affidavit, that from the very outset of his investigation, it was obvious to him that State Farm’s insured was free from liability, and that he prepared all of the documents for eventual litigation.”
386 So.2d at 1136. The State Farm claims specialist had a rational basis for determining that litigation was a real possibility as of May 14, 1997. Strangely enough, Smith later sued State Farm. Gantt was accurate in her assessment of the claim. Smith did intend to litigate, and, strangely enough, he intended to have an attorney handle that litigation. I certainly would not advocate a rule by which a court concludes that whenever an insured commences litigation, the insured’s claims file is considered to have been prepared in anticipation of litigation. But in the case of an adversarial relationship between the insured and the insurer, and when the insured hires an attorney, it is reasonable to believe that litigation will come. Unless the insurer makes a decision that is unreasonable or that is based on nothing that would lead a person experienced in handling claims of this nature to believe that litigation is anticipated, an affidavit like the one in this case evidencing a decision to prepare the file in anticipation of litigation should be accepted as sufficient to support such a defense to discovery.
The main opinion cites no Alabama precedent for its assertion that State Farm provided insufficient evidence to support its position. It cites a case from the United States District Court for the District of Columbia.[2] After quoting directly from the affidavit, the majority is even so bold as to state that Gantt’s affidavit “does not assert that the requested documents were prepared because of the prospect of litigation against State Farm.” 761 So.2d at 1003. Yet, Gantt said in that affidavit (I quote here from the main opinion’s quote of that document): “From that point on [May 14, 1997, the date Smith hired an *1006 attorney], State Farm was under the impression and took the position that Mr. Smith planned to be involved in litigation regarding this accident, and the rest of any documentation from the claims file was made in anticipation of litigation.” 761 So.2d at 1003. The main opinion would require State Farm to add the words “against State Farm” in order to provide sufficient evidence. Attorney work product is attorney work product, no matter who is the target of litigation involving insurance coverage.
I dissent because in this case and others like it, the insurer must wait until a lawsuit is filed to establish a date at which anything in the claims file will be considered attorney work product. I do not consider the experienced predictive powers of insurance companies, which are constantly being sued by insureds, to be that poor. Therefore, I respectfully dissent.

. "Usually uninsured and underinsured motorist coverage gives the insurer a contract right to be in an adversarial position to the insured, for the insurer (1) can be joined as a defendant by the insured (subject to the insurer's right to elect not to participate in the trial *1005 but to be bound by the factfinder's decisions on issues of liability and damages) or (2) can intervene as a party adverse to its insured.” Ex parte Fuller, 600 So.2d 214, 216 (Ala.1992) (Houston, J., dissenting).

. Janicker v. George Washington Univ., 94 F.R.D. 648, 650 (D.D.C.1982).