776 So.2d 771 (2000)
Ex parte Rebecca CUMMINGS.
(Re Rebecca Cummings v. Martin Industries, Inc.)
1981428.
Supreme Court of Alabama.
June 30, 2000.
*772 Jay E. Emerson, Jr., of Higgs & Emerson, Huntsville, for petitioner.
*773 Charles H. Clark, Jr., and Martha Leach Thompson of Huie, Fernambucq & Stewart, L.L.P., Birmingham, for respondent.
JOHNSTONE, Justice.
Rebecca Cummings petitions this Court for a writ of mandamus directing Judge Michael Suttle to vacate his order denying her motion to compel discovery of workers' compensation files on the plaintiff maintained by the defendant Martin Industries, Inc. ("Martin"), her former employer, and by JRH Risk Services, Inc. ("JRH Risk"), Martin's insurance carrier. We grant the petition.
On or about April 11, 1995, Cummings suffered an on-the-job injury. She sued her employer Martin for workers' compensation benefits for her on-the-job injury on October 27, 1995. On March 4, 1997, Cummings settled her workers' compensation claim with Martin. Martin fired Cummings on or about May 16, 1997. Thereafter, Cummings filed a motion for contempt against Martin because Martin failed to comply with the settlement agreement requiring Martin to pay for Cummings's medical care and to reimburse her for her out-of-pocket medical expenses.[1]
On June 13, 1997, Cummings sued Martin for retaliatory discharge, pursuant to § 25-5-11.1, Ala.Code 1975. She alleged Martin treated her in a "hostile manner" after she claimed workers' compensation benefits. Cummings filed a notice of intent to subpoena "[a]ny and all records which were kept or maintained regarding Rebecca Cummings" from JRH Risk. Cummings also requested production of "[t]he workers' compensation file kept and maintained by [Martin] regarding [Cummings] as testified to by Anne Collins and Jim Truitt."
Martin objected to notice of intent to serve a subpoena on JRH. Martin asserted that the workers' compensation file maintained by JRH Risk is privileged as work product. Martin asserted also that the file is subject to the attorney-client privilege. Martin objected on the same grounds to Cummings's request for production of "a workers' compensation file" maintained by Martin. In Martin's brief supporting its objections, Martin specifically argued that the work-product doctrine as provided in Rule 26(b)(3), Ala. R. Civ. P., and the attorney-client privilege as provided in Rule 502, Ala. R. Evid., protect from discovery the requested documents maintained by JRH Risk and the requested "workers' compensation file" maintained by Martin because those documents were "prepared in the anticipation of litigation."
In response to Martin's objection to Cummings's request for production of documents relating to a "workers' compensation file," Cummings moved to compel production of the file. The trial court granted Cummings's motion without conducting a hearing. Martin filed a "Motion to Reconsider and Request for Oral Argument." Martin argued again that the work-product doctrine and the attorney-client privilege protected the requested documents from disclosure. Martin specifically asserted that "`the workers' compensation file' described by Cummings is primarily comprised of privileged correspondence and communications from counsel of record and otherwise contains attorney work product." Cummings filed a motion stating that the trial court should not grant oral argument on the discovery issue because "it [was] clear that this workers' compensation file maintained by [Martin] is relevant and material evidence of the issues related to [her] claims." After a hearing, the trial court denied Cummings's motion to compel discovery, without stating any reasons for its denial.
Cummings now petitions this Court for a writ of mandamus. She claims that the trial court abused its discretion in denying *774 her motion to compel, for the following reasons: 1) Martin does not have standing to assert an objection or a privilege regarding the documents she subpoenaed from JRH Risk; 2) neither the "workproduct" doctrine nor the "attorney-client privilege" protect from discovery the requested documents maintained by both Martin and JRH Risk because those documents were not prepared by an attorney in the course of his legal representation of Martin; and 3) she has a "substantial need" for the requested documents because they contain information showing that she was "intentionally harassed" with regard to her workers' compensation claim by both Martin and JRH Risk.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998). This Court has held that a petition for a writ of mandamus is the proper method of review of "whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders." Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala.1996). Further, this Court has held that a petition for a writ of mandamus is the proper method for review of the propriety of the issuance of a subpoena duces tecum to parties and to nonparties. Ex parte Anniston Personal Loans, Inc., 266 Ala. 356, 96 So.2d 627 (1957); Ex parte Hart, 240 Ala. 642, 200 So. 783 (1941). "A petition for a writ of mandamus will be granted to compel discovery if a clear abuse of discretion is shown." Ex parte Fuller, 600 So.2d 214 (Ala.1992).
Rule 26(b)(1), Ala. R. Civ. P., states the general rule of discoverythat a party may obtain discovery of all matters, not privileged, that are "reasonably calculated to lead to the discovery of admissible evidence." An exception (itself subject to certain exceptions) to the general rule protects from a party's discovery documents prepared by the opposing party or by or for the opposing party's representative in anticipation of litigation. The protection of this exception extends in any event to "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule 26(b)(3). "Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-product exception." Ex parte Garrick, 642 So.2d 951 (Ala.1994). "`[T]he test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Sims v. Knollwood Park Hosp., 511 So.2d 154, 157 (quoting Binks Mfg.Co. v. National Presto Indus., Inc., 709 F.2d 1109, 1119 (7th Cir. 1983)). "The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an `in house' report as work product." Sims, 511 So.2d at 158 (quoting Janicker v. George Washington Univ., 94 F.R.D. 648, 650 (D.D.C.1982)). "An evidentiary showing by the objecting party is not required until the parties are `at issue as to whether the document sought was, in fact, prepared in anticipation of litigation.'" Ex parte State Farm Automobile Ins. Co., 761 So.2d 1000, 1002-1003 (Ala.2000) (quoting Ex parte Garrick, 642 So.2d at 953)). A motion to compel filed by the party requesting discovery puts the parties at issue. Id.
Cummings's motion to compel placed the parties at issue as to whether the workers' compensation file maintained by Martin and the workers' compensation file maintained by JRH Risk were prepared in anticipation of litigation. Thus, to avoid or to curtail discovery, Martin needed to establish that the requested files were prepared in anticipation of litigation *775 or that they included communications to or from attorneys for Martin or JRH Risk respectively.
In support of Martin's assertions of privilege, Martin submitted deposition testimony from various employees and from Cummings. Anne Collins, the director of Martin's Management Information Systems, testified that she maintains a workers' compensation file on Cummings. Collins stated that the file contains notes and documents regarding her discussions and office manager Jim Truitt's discussions with Sharon Langer, a representative of JRH Risk, about Cummings's on-the-job injury and her subsequent treatment. Collins stated that the file also contains notes of her conversations with Tina Tomsik, the director of Martin's Human Resource Department. Tomsik schedules Cummings's appointments with dentists and communicates with JRH Risk about payment for Cummings's treatment. According to Collins, the workers' compensation file maintained by Martin is separate from the file maintained by JRH Risk, although both files may contain similar notes about the administration of Cummings's workers' compensation claim.
The deposition testimony from other witnesses, including Cummings, showed that Martin decided to reduce its budget in May 1997 and fired Cummings because she had the least seniority of the clerks in Martin's collections department.
Martin did not submit any evidence that its workers' compensation file or JRH Risk's workers' compensation file on Cummings contained any privileged communications to or from an attorney. Nor did Martin submit any evidence that either of the workers' compensation files was prepared in anticipation of litigation. Although Martin has submitted, before this Court, an affidavit from Anne Collins stating that Martin prepared its workers' compensation file on Cummings "in anticipation of litigation," Collins executed that affidavit on July 21, 1999, two months after the trial court denied Cummings's motion to compel on May 24, 1999. Further, the affidavit does not reflect that it has been filed with or has been considered by the trial court. Consequently, the affidavit is not properly before this Court. Pepsi-Cola Bottling Co. v. Colonial Sugars, Div. of Borden, Inc., 423 So.2d 190, 192 (Ala. 1982) ("Matters not presented below will not be reviewed on appeal.") (Citations omitted.) Thus, Martin's claims of privilege work-product privilege and attorney-client privilegeare only bare assertions, not supported by any evidence.
Because Martin has not satisfied its burden of establishing that the workers' compensation files maintained by it and by JRH Risk were prepared in the anticipation of litigation and because Martin has not established that those files contain privileged attorney-client communications, the trial court abused its discretion in denying Cummings's motion to compel discovery of the workers' compensation files maintained by Martin and by JRH Risk. Accordingly, Cummings's petition for a writ of mandamus is granted.
WRIT GRANTED.
COOK and ENGLAND, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, and BROWN, JJ., concur specially.
LYONS, Justice (concurring specially).
The Court properly reverses the trial court's order denying the motion to compel production, thereby leaving in place the earlier order that granted the motion to compel. I do not interpret today's ruling as precluding further proceedings in the nature of a reconsideration of the trial court's order compelling production. I write specially to offer guidance concerning the manner in which a party resisting discovery should assert the availability of the attorney-client and work-product privileges.
As the main opinion points out, Cummings's requests for production of documents *776 from Martin and from JRH Risk, the third-party administrator, were met with Martin's blanket assertion that "[t]he request for documents seeks information subject to the attorney/client privilege and the work product privilege as stated in Rule 26 of the Alabama Rules of Civil Procedure." In its brief in support of its objection to Cummings's notice of intent to serve subpoena on a nonparty and in response to Cummings's motion to compel, the defendant became somewhat more specific, by stating:
"[T]he workers' compensation file is primarily comprised of privileged correspondence and communications from counsel of record."
"Under the plain language of Rule 502, any documents contained in JRH Services' file that reflect confidential communications between this Defendant and its attorneys, between this Defendant's attorney and JRH Services, or between JRH Services and this Defendant (whether communication was made at the specific request of, or at the express direction of, an attorney) are protected by the attorney/client privilege."
Cummings filed a motion to compel, which was initially granted by the trial court. Martin moved for a "reconsideration," stating that "[t]he `workers' compensation file' described by the plaintiff is primarily comprised of privileged correspondence and communications from counsel of record and otherwise contains attorney work product." The main opinion correctly observes that this assertion was not supported by affidavit testimony. Nevertheless, the trial court entered an order denying Cummings's motions to compel documents from JRH Risk's worker's compensation file and Martin's worker's compensation file.
The first attempt to support the assertions of privilege with materials other than the conclusions of counsel came in this Court in response to Cummings's petition for a writ of mandamus. Martin offered an affidavit stating: "With regard to the Rebecca Cummings worker's compensation claim, I maintained a file with notes regarding conversations with our third-party administrator, Sharon Langer, and notes from our attorney, which were maintained in anticipation of litigation." I agree with the main opinion's refusal to consider this affidavit because it was not before the trial court.
Rule 34(b), Ala. R. Civ. P., requires that reasons for objecting to a request for production be stated. Because objections based upon privilege require specificity in order to guide the party seeking production in determining whether to proceed further, I would require more information than was given to the trial court in this case. Because our rules provide little direction in this area, I cannot criticize Martin's conduct in this action nor hold Martin to the penalty of waiver because of its failing to be more specific. I would require further proceedings that meet standards of specificity that aid opposing counsel and the trial court.
Guidance can be drawn from Rule 26(b)(5), Federal Rules of Civil Procedure, which provides:
"Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."
For purposes of application to the facts before us, a defendant should respond to a request for production by describing the documents by category that are subject either to work-product or attorney-client *777 privilege, specifying either or both, as to each such category, and describing the subject matter of such documents, without revealing privileged information. For example, in response to the plaintiff's initial request, the defendant could state, if accurate, as follows:
The requested documents consist of trial preparation materials in the form of analyses of the plaintiff's medical condition in the form of notes taken contemporaneously with comments made by or to our attorney or our agent conducting an investigation of the claim, not prepared in the ordinary course of business but in anticipation of litigation concerning the amounts recoverable under the workers' compensation law.
In addition, to the extent that the requested materials might include information dealing with legal advice concerning the prospect for a wrongful-discharge action in the event of plaintiffs termination at some future date, a proper response asserting the attorney-client privilege as to those matters could include, if applicable, this statement:
The documents requested contain confidential statements by or to the defendant's attorney made for the purpose of obtaining legal advice concerning the plaintiff's status as an employee.
A party requesting discovery who then receives a response containing information as outlined above would be able to make an educated decision as to the wisdom of further pursuit of the matter by motion to compel, perhaps preceded by depositions or interrogatories to elicit nonprivileged information concerning dates, places, persons present, persons receiving copies, and/or general information as to the subject matter. A party so informed would then be expected to make a showing in its motion to compel that either contradicts the status of the materials as protected by trial preparation or attorney-client privilege or, as to work product, concedes its status as such but demonstrates that party's substantial need for the materials and its inability to obtain the substantial equivalent by other means without undue hardship. See Rule 26(b)(3), Ala. R. Civ. P. Upon such motion, the defendant would be obliged to develop a detailed response, perhaps including a log describing each document and asserting the defendant's objection to the disclosure of each document so as to facilitate, if necessary, an in camera review by the trial court. Because the burden of such preparation may be significant, a party subjecting an opposing party to abuse of discovery procedures, by requiring the preparation of responses to a frivolous motion to compel production of privileged materials, can be ordered to pay attorney fees and costs related to the preparation of the responses. See § 12-19-272(c), Ala.Code 1975.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and BROWN, JJ., concur.
NOTES
[1] After a hearing, the trial court sanctioned Martin and ordered it to pay $7,500 for its failure to comply with the parties' settlement agreement. Upon Martin's motion for reconsideration, the trial court rescinded its order of contempt and its sanction against Martin.