Walter Garrick and his wife, Marie Garrick, petition this Court for a writ of mandamus directing the trial court to set aside its order requiring the Garricks to produce a copy of a statement given by Marie Garrick *Page 952 
to her insurance company. The writ is granted.[1]
The rather meager record before us indicates that the Garricks' dog bit Henderson B. Young. Young sued the Garricks, seeking damages for negligence or wantonness in their handling of the dog. Young later filed a "Motion to Produce," seeking to compel the Garricks to produce "any statements" that Marie Garrick had given to anyone regarding the dog-bite incident. The Garricks filed a response to Young's motion to compel and also sought a protective order, acknowledging that Marie Garrick had given a statement to the Garricks' insurance company, but contending that that statement had been given "in anticipation of litigation." The Garricks argued in their response that the statement was not discoverable under Rule 26(b)(3), Ala.R.Civ.P., in the absence of a showing by Young that he had a substantial need for the statement and that he was unable without undue hardship to obtain the substantial equivalent of the statement by some other means. Young filed nothing in response to the Garricks' motion for a protective order. Forty-seven days after Young had filed his motion to compel production, the trial court, apparently without a hearing, ordered the Garricks to make a copy of the statement available to Young. Shortly thereafter, the Garricks filed a motion to "reconsider" and filed the supporting affidavit of a representative of the Garricks' insurance company, who stated therein that he had taken Marie Garrick's statement in anticipation of litigation. Young filed nothing in response to that motion. The trial court thereafter denied the motion to reconsider. The Garricks then filed this petition.
We note, initially, that the use of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of discovery orders. However, the writ is appropriate when the right sought to be enforced by mandamus is clear and certain. Ex parte Bozeman, 420 So.2d 89 (Ala. 1982).
Rule 26(b)(3), provides, in pertinent part, as follows:
 "Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule [not applicable here], a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."[2]
The Garricks contend that the trial court abused its discretion in placing on them the burden to prove that Marie Garrick's statement had been prepared in anticipation of litigation, instead of requiring Young to prove that he had a substantial need for the statement and that he was unable without undue hardship to obtain it by other means. Young, on the other hand, contends that he was under no obligation to make the showing required by Rule 26(b)(3), because, he says, the Garricks failed to show that the statement was prepared in anticipation of litigation. Young argues that the Garricks had to make that showing before the burden shifted to him to satisfy any requirement under the rule. He further contends that the trial court did not abuse its discretion in denying the Garricks' motion to reconsider.
After reviewing the record, we conclude that the trial court's ruling on Young's motion to compel was improper. Under Rule *Page 953 
26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-product exception. SeeEx parte Fuller, 600 So.2d 214 (Ala. 1992), and the cases cited therein. However, the objecting party is under no obligation to make any evidentiary showing until the parties are at issue as to whether the document sought was, in fact, prepared in anticipation of litigation. Rule 34(b)(1)(B), Ala.R.Civ.P., clearly requires that, before seeking judicial intervention, the party submitting a request for production, must be at issue with the party upon whom the request has been served, with respect to the discoverability of requested documents:
 "The Response. A party upon whom a request is served shall serve a written response within thirty (30) days after the service of the request, except that a defendant may serve a response within forty-five (45) days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The response shall state, with respect to each item or category, that the inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for an objection shall be stated. If objection is made to part of an item or category, the part shall be specified. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or the failure to respond to the request or any part thereof, or any failure to permit inspection as requested."
(Emphasis added.) The Garricks' response to Young's motion to compel production and their motion for a protective order were signed by their attorney. Under Rule 11, Ala.R.Civ.P., the signature of the Garricks' attorney constituted a certification by him that he had carefully read the response and the motion for a protective order and that to the best of his knowledge, information, and belief, there was a good ground to support them. In other words, the Garricks certified to the trial court that, if called upon, they were prepared to prove that Marie Garrick's statement was prepared in anticipation of litigation and was not discoverable. Young, who had previously sought to compel disclosure of "any statements," did not thereafter contest the Garricks' specific claim that Marie Garrick's statement to her insurance company had been prepared in anticipation of litigation. With the case in that posture, the trial court acted prematurely in granting Young's motion to compel production.[3]
Although we are fully aware of the discretionary nature of discovery orders and the extraordinary nature of mandamus relief, we conclude that the record before us indicates that the Garricks have a clear right to relief. The statement sought by Young may or may not be discoverable; however, the Garricks were not obligated to make any evidentiary showing under Rule 26(b)(3), and they cannot be compelled to produce the statement unless and until Young takes issue with the Garricks' contention that the statement was prepared in anticipation of litigation.
WRIT GRANTED.
MADDOX, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.
COOK, J., concurs in the result.
[1] The Garricks also sought to stay enforcement of the trial court's order pending the disposition of this petition. We granted the stay simultaneously with our order requiring answers and briefs.
[2] Rule 26(b)(3) comes into play only with respect to documents and tangible things "otherwise discoverable." Although the Garricks argue in support of their petition that Marie Garrick's statement is also protected under the attorney-client privilege, they did not make that specific argument to the trial court. Therefore, we do not reach that issue.
[3] The Garricks also contend that Young filed his motion to compel production of any statements given by Marie Garrick without first filing a request for production of those statements and, therefore, that they were under no obligation under the Rules of Civil Procedure to support their initial objection with an evidentiary showing that the statement had been prepared in anticipation of litigation. The case action summary reflects that, along with his complaint, Young filed a request for production. However, because a copy of that request for production was not included in the record, it is impossible for us to know from the record whether the request for production sought the same information that was later made the subject of Young's motion to compel. Consequently, we cannot be certain from the record that Young filed a motion to compel production of any statements given by Marie Garrick without first having filed a request for those statements. Therefore, we do not address this contention. *Page 954