JOHNSTONE, Justice.
State Farm Mutual Automobile Insurance Company is a defendant in an action filed in the Montgomery County Circuit Court by its insured Billy Smith. State Farm petitions for a writ of mandamus directing Judge Tracy McCooey to vacate her order compelling State Farm to produce any and all documents in its claims file that were made in the ordinary course of business before State Farm was sued. We deny that petition.
On May 2, 1997, the vehicles driven by Billy Smith and Andrew Sullivan collided. As a result of the collision, Smith sustained a neck injury that necessitated surgery and caused him lost wages and pain and suffering. Smith made a claim against Sullivan’s automobile insurance company. *1002 In April 1998, Sullivan’s insurance company tendered to Smith $25,000, the policy limits. State Farm approved the settlement. Smith then made a claim under his automobile insurance policy for underin-sured motorist benefits. State Farm denied Smith’s claim.
On August 6, 1998, Smith filed a breach of contract action against State Farm. Smith also filed a request for production. He requested that State Farm produce, among other things, “[a] copy of the claim[s] file.” State Farm objected to the request. State Farm specifically stated, “The claims file is privileged; it is the subject of work product, attorney-client privilege, as well as documents prepared in anticipation of litigation.” Pursuant to Ex parte Fuller, 600 So.2d 214 (Ala.1992), Smith moved to compel production of documents in the claims file that were not generated in anticipation of litigation. State Farm responded and asserted that all documents were prepared in anticipation of litigation because 12 days after the accident Smith obtained counsel. In support of its response, State Farm produced an affidavit from the State Farm employee handling the claims file.
Thereafter, the trial court entered an order stating, in pertinent part, as follows:
“On March 3, 1999, [State Farm] filed a response objecting to producing the claims file arguing that the documents were prepared in anticipation of litigation. In Ex parte Fuller, 600 So.2d 214 (Ala.1992), the Supreme Court of Alabama concluded that any materials that were not prepared in anticipation of litigation were in fact discoverable. The Court went on to state that the party objecting to discovery bears the burden of establishing the elements of the work product exception.
“[Smith] has stated in his motion that he is seeking only documents that were prepared before State Farm was sued. Wherefore, the Court orders that [State Farm] will turn over any and all documents in the claims file that were made in the ordinary course of business prior to State Farm being sued. [State Farm] is ordered to comply within 10 days of this order.”
State Farm then filed this petition for a writ of mandamus.
“A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998).
Mandamus is the appropriate method of review of discovery orders. Ex parte Bozeman, 420 So.2d 89 (Ala.1982). The use of a writ of a mandamus to compel or to prohibit discovery is restricted because of the discretionary nature of a discovery order. Id. See also Ex parte Bean, 703 So.2d 329 (Ala.1997).
“Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-production exception.” Ex parte Garrick, 642 So.2d 951 (Ala.1994). The mere fact that litigation does eventually ensue does not, by itself, cloak materials with the protection of the work-product privilege. Sims v. Knollwood Park Hosp., 511 So.2d 154 (Ala.1987). “ ‘[T]he test should be whether, in light of the nature of the document and factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.’ ” Sims, 511 So.2d at 157 (quoting Binks Mfg. Co. v. National Presto Industries, Inc., 709 F.2d 1109, 1119 (7th Cir.1983)). The word (and concept) because is critical. Justice Lyons’s scholarly special concurrence correctly explains it.
An evidentiary showing by the objecting party is not required until the parties are “at issue as to whether the *1003 document sought was, in fact, prepared in anticipation of litigation.” Ex parte Garrick, 642 So.2d at 953. The parties are at issue if the party requesting the document files a motion to compel. Id. See also Rule 34(b), Ala. R. Civ. P.
Once Smith filed a motion to compel the production of the documents, he and State Farm were at issue whether the documents in the claims file, prepared before State Farm was sued, were, in fact, prepared in anticipation of litigation. Ex parte Garrick. Therefore, the burden shifted to State Farm to establish that the requested documents were generated in anticipation of litigation.
In support of its claim of privilege, State Farm submitted an affidavit of the State Farm claims representative responsible for handling Smith’s claim. The claims representative states, in pertinent part, as follows:
“I am responsible, at the present time, for handling the claim and lawsuit filed by Billy J. Smith regarding an accident which occurred on May 2, 1997.
“I have personal knowledge of the facts making the basis of this Affidavit, and I am over the age of nineteen.
“In reviewing the claims file, which is a part of the State Farm record on the claim and lawsuit filed by Billy J. Smith, I submit the following in my affidavit regarding the Plaintiffs Motion to Compel discovery of the claims file in question.
“1. The accident making the basis of this claim occurred on May 2, 1997.
“2. The claims file in question was set up May 5, 1997.
“3. On May 7, 1997, a coverage request was made, and the insured was found to be outside his coverage. At that time, a claims representative spoke with Mr. Smith telling him his policy had lapsed, and he then paid his premium to bring his policy current and to allow coverage to continue.
4. On May 9, 1997, the policy was confirmed to have coverage. At that time, letters were sent to Mr. Smith regarding rental insurance and medical payments coverage. Copies of these letters are attached as a portion of the claims file.
“5. Thereafter, on May 14, 1997, the claims file was updated to show that the insured, Billy J. Smith, had obtained an attorney.... From that point on, State Farm was under the impression and took the position that Mr. Smith planned to be involved in litigation regarding this accident, and the rest of any documentation from the claims file was made in anticipation of litigation.”
“The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an ‘in house’ report as work product.” Sims, 511 So.2d at 158 (quoting Janicker v. George Washington Univ., 94 F.R.D. 648, 650 (D.D.C.1982)). The affidavit does not assert that the requested documents were prepared because of the prospect of litigation against State Farm, nor did State Farm offer any other evidence showing that the requested documents were prepared because of the prospect of litigation against State Farm.
State Farm’s claim of privilege—anticipation of litigation—is based upon the facts that Smith obtained an attorney and that State Farm took the position that Smith planned to be involved in litigation. State Farm did not present any evidence that in May 1997 Smith planned to be involved in litigation with State Farm. Likewise, State Farm did not present any evidence that in May 1997 Smith made a claim for underinsured motorist benefits or informed State Farm that he intended to make a claim for underinsured motorist benefits.
State Farm has not carried its burden of showing that it prepared the requested documents because of the prospect of litigation against it. Therefore, the trial court properly ordered production of an *1004 appropriately limited category of documents in the claims file. Consequently, because we hold the trial court properly granted Smith’s limited request for production of the claims file, this case presents no abuse of discretion. Accordingly, State Farm is without a clear legal right to the order sought. Thus, State Farm is not entitled to a writ of mandamus.
WRIT DENIED.
COOK, BROWN, and ENGLAND, JJ., concur.
HOUSTON and LYONS, JJ., concur specially.
MADDOX and SEE, JJ., concur in the result.
HOOPER, C.J., dissents.