Rebecca Cummings petitions this Court for a writ of mandamus directing Judge Michael Suttle to vacate his order denying her motion to compel discovery of workers' compensation files on the plaintiff maintained by the defendant Martin Industries, Inc. ("Martin"), her former employer, and by JRH Risk Services, Inc. ("JRH Risk"), Martin's insurance carrier. We grant the petition.
On or about April 11, 1995, Cummings suffered an on-the-job injury. She sued her employer Martin for workers' compensation benefits for her on-the-job injury on October 27, 1995. On March 4, 1997, Cummings settled her workers' compensation claim with Martin. Martin fired Cummings on or about May 16, 1997. Thereafter, Cummings filed a motion for contempt against Martin because Martin failed to comply with the settlement agreement requiring Martin to pay for Cummings's medical care and to reimburse her for her out-of-pocket medical expenses.[1]
On June 13, 1997, Cummings sued Martin for retaliatory discharge, pursuant to § 25-5-11.1, Ala. Code 1975. She alleged Martin treated her in a "hostile manner" after she claimed workers' compensation benefits. Cummings filed a notice of intent to subpoena "[a]ny and all records which were kept or maintained regarding Rebecca Cummings" from JRH Risk. Cummings also requested production of "[t]he workers' compensation file kept and maintained by [Martin] regarding [Cummings] as testified to by Anne Collins and Jim Truitt."
Martin objected to notice of intent to serve a subpoena on JRH. Martin asserted that the workers' compensation file maintained by JRH Risk is privileged as work product. Martin asserted also that the file is subject to the attorney-client privilege. Martin objected on the same grounds to Cummings's request for production of "a workers' compensation file" maintained by Martin. In Martin's brief supporting its objections, Martin specifically argued that the work-product doctrine as provided in Rule 26(b)(3), Ala.R.Civ.P., and the attorney-client privilege as provided in Rule 502, Ala. R. Evid., protect from discovery the requested documents maintained by JRH Risk and the requested "workers' compensation file" maintained by Martin because those documents were "prepared in the anticipation of litigation."
In response to Martin's objection to Cummings's request for production of documents relating to a "workers' compensation file," Cummings moved to compel production of the file. The trial court granted Cummings's motion without conducting a hearing. Martin filed a "Motion to Reconsider and Request for Oral Argument." Martin argued again that the work-product doctrine and the attorney-client privilege protected the requested documents from disclosure. Martin specifically asserted that "`the workers' compensation file' described by Cummings is primarily comprised of privileged correspondence and communications from counsel of record and otherwise contains attorney work product." Cummings filed a motion stating that the trial court should not grant oral argument on the discovery issue because "it [was] clear that this workers' compensation file maintained by [Martin] is relevant and material evidence of the issues related to [her] claims." After a hearing, the trial court denied Cummings's motion to compel discovery, without stating any reasons for its denial.
Cummings now petitions this Court for a writ of mandamus. She claims that the trial court abused its discretion in denying *Page 774 
her motion to compel, for the following reasons: 1) Martin does not have standing to assert an objection or a privilege regarding the documents she subpoenaed from JRH Risk; 2) neither the "work-product" doctrine nor the "attorney-client privilege" protect from discovery the requested documents maintained by both Martin and JRH Risk because those documents were not prepared by an attorney in the course of his legal representation of Martin; and 3) she has a "substantial need" for the requested documents because they contain information showing that she was "intentionally harassed" with regard to her workers' compensation claim by both Martin and JRH Risk.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998). This Court has held that a petition for a writ of mandamus is the proper method of review of "whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders." Ex parte Compass Bank,686 So.2d 1135, 1137 (Ala. 1996). Further, this Court has held that a petition for a writ of mandamus is the proper method for review of the propriety of the issuance of a subpoena duces tecum to parties and to nonparties. Ex parte Anniston Personal Loans, Inc.,266 Ala. 356, 96 So.2d 627 (1957); Ex parte Hart, 240 Ala. 642,200 So. 783 (1941). "A petition for a writ of mandamus will be granted to compel discovery if a clear abuse of discretion is shown." Ex parte Fuller, 600 So.2d 214 (Ala. 1992).
Rule 26(b)(1), Ala.R.Civ.P., states the general rule of discovery — that a party may obtain discovery of all matters, not privileged, that are "reasonably calculated to lead to the discovery of admissible evidence." An exception (itself subject to certain exceptions) to the general rule protects from a party's discovery documents prepared by the opposing party or by or for the opposing party's representative in anticipation of litigation. The protection of this exception extends in any event to "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule 26(b)(3). "Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-product exception." Ex parte Garrick,642 So.2d 951 (Ala. 1994). "`[T]he test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'"Sims v. Knollwood Park Hosp., 511 So.2d 154, 157 (quoting BinksMfg.Co. v. National Presto Indus., Inc., 709 F.2d 1109, 1119 (7th Cir. 1983)). "The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an `in house' report as work product."Sims, 511 So.2d at 158 (quoting Janciker v. George WashingtonUniv., 94 F.R.D. 648, 650 (D.D.C. 1982)). "An evidentiary showing by the objecting party is not required until the parties are `at issue as to whether the document sought was, in fact, prepared in anticipation of litigation.'" Ex parte State Farm Automobile Ins.Co., 761 So.2d 1000, 1002-1003 (Ala. 2000) (quoting Exparte Garrick, 642 So.2d at 953)). A motion to compel filed by the party requesting discovery puts the parties at issue. Id.
Cummings's motion to compel placed the parties at issue as to whether the workers' compensation file maintained by Martin and the workers' compensation file maintained by JRH Risk were prepared in anticipation of litigation. Thus, to avoid or to curtail discovery, Martin needed to establish that the requested files were prepared in anticipation of litigation *Page 775 
or that they included communications to or from attorneys for Martin or JRH Risk respectively.
In support of Martin's assertions of privilege, Martin submitted deposition testimony from various employees and from Cummings. Anne Collins, the director of Martin's Management Information Systems, testified that she maintains a workers' compensation file on Cummings. Collins stated that the file contains notes and documents regarding her discussions and office manager Jim Truitt's discussions with Sharon Langer, a representative of JRH Risk, about Cummings's on-the-job injury and her subsequent treatment. Collins stated that the file also contains notes of her conversations with Tina Tomsik, the director of Martin's Human Resource Department. Tomsik schedules Cummings's appointments with dentists and communicates with JRH Risk about payment for Cummings's treatment. According to Collins, the workers' compensation file maintained by Martin is separate from the file maintained by JRH Risk, although both files may contain similar notes about the administration of Cummings's workers' compensation claim.
The deposition testimony from other witnesses, including Cummings, showed that Martin decided to reduce its budget in May 1997 and fired Cummings because she had the least seniority of the clerks in Martin's collections department.
Martin did not submit any evidence that its workers' compensation file or JRH Risk's workers' compensation file on Cummings contained any privileged communications to or from an attorney. Nor did Martin submit any evidence that either of the workers' compensation files was prepared in anticipation of litigation. Although Martin has submitted, before this Court, an affidavit from Anne Collins stating that Martin prepared its workers' compensation file on Cummings "in anticipation of litigation," Collins executed that affidavit on July 21, 1999, two months after the trial court denied Cummings's motion to compel on May 24, 1999. Further, the affidavit does not reflect that it has been filed with or has been considered by the trial court. Consequently, the affidavit is not properly before this Court.Pepsi-Cola Bottling Co. v. Colonial Sugars, a div. of Borden,Inc., 423 So.2d 190, 192 (Ala. 1982) ("Matters not presented below will not be reviewed on appeal.") (Citations omitted.) Thus, Martin's claims of privilege — work-product privilege and attorney-client privilege — are only bare assertions, not supported by any evidence.
Because Martin has not satisfied its burden of establishing that the workers' compensation files maintained by it and by JRH Risk were prepared in the anticipation of litigation and because Martin has not established that those files contain privileged attorney-client communications, the trial court abused its discretion in denying Cummings's motion to compel discovery of the workers' compensation files maintained by Martin and by JRH Risk. Accordingly, Cummings's petition for a writ of mandamus is granted. WRIT GRANTED.
Cook and England, JJ., concur.
Hooper, C.J., and Maddox, Houston, See, Lyons, and Brown, JJ., concur specially.
[1] After a hearing, the trial court sanctioned Martin and ordered it to pay $7,500 for its failure to comply with the parties' settlement agreement. Upon Martin's motion for reconsideration, the trial court rescinded its order of contempt and its sanction against Martin.