BOLIN, Justice.
Nationwide Mutual Insurance Company petitions this Court for a writ of mandamus directing the Pickens Circuit Court to vacate its order 1) denying Nationwide’s motion for a protective order and 2) ordering Nationwide to produce specified documents. We grant the petition in part and deny in part.

Facts and Procedural Background

In March 2004, Jureda Windham and Derek Duffy and Laurie Duffy filed separate actions against Alan Mortgage Corporation, Jerry C. Wedgeworth, and Rodney Holmes.[1] After retaining counsel to protect its interests, Alan Mortgage notified its insurance carrier, Nationwide, of the actions and requested that Nationwide defend and indemnify it. On May 17, 2004, Ryan Gadapee, a claims adjuster for Nationwide, notified Alan Mortgage via a certified letter that Nationwide had received a copy of the complaints filed by Windham and the Duffys and “that Nationwide may have the right to raise certain defenses to [Alan Mortgage’s] claim for coverage under the Nationwide Mutual Insurance policy.” On May 24, 2004, Gadapee sent another letter to Alan Mortgage stating:
“It is furthermore Nationwide’s understanding that [counsel you have retained to protect your company’s interest] has filed an answer ... on your company’s behalf. Because you and your company have counsel acting on your behalf, Nationwide will not, at this juncture, be providing a defense on you or your company’s behalf until it has concluded its investigation of the submitted claims. Once Nationwide has completed that investigation it will immediately notify you regarding its decision as to your request for a defense and indemnification .... ”
(Emphasis added.)
On May 26, 2004, counsel retained by Alan Mortgage wrote Gadapee asking for *358 the date Nationwide expected to complete its investigation and make a coverage decision. Counsel wrote a second letter, dated June 17, 2004, demanding that Nationwide defend Alan Mortgage in these actions because “Nationwide had been given more than enough time to determine whether it had a duty to defend.”
On June 29, 2004, Gadapee received a coverage opinion from counsel for Nationwide, Hare, Clement & Duck, P.C. The opinion recommended that Nationwide deny Alan Mortgage’s claim for coverage. On July 2, 2004, Gadapee notified Alan Mortgage that Nationwide would not defend or indemnify Alan Mortgage in the actions.
During Gadapee’s deposition, the following exchange occurred regarding Nationwide’s investigation and decision-making process:
“[Counsel for Alan Mortgage]: Okay. So before June 29, 2004, you did not know what [counsel’s] coverage opinion would be; correct?
“Gadapee: Correct.
“[Counsel for Alan Mortgage]: Okay. And before that date you and Nationwide had made a decision not to defend under reservation of rights; correct?
“[Counsel for Nationwide]: Objection to the form.
“Gadapee: At that time you were protecting the insured’s interest and we were completing our coverage investigation.
“[Counsel for Alan Mortgage]: And so before that date Nationwide had decided it would not engage counsel to provide a defense; correct?
“Gadapee: You were protecting the policyholder’s interest at that point, yes. “[Counsel for Alan Mortgage]: Okay. So the answer to my question is yes; correct?
“Gadapee: You were the one defending the insured at that point in time, yes.
“[Counsel for Alan Mortgage]: And Nationwide had before that date decided not to provide a defense under reservation of rights; correct?
“Gadapee: At that point in time we were not defending under reservation of rights, correct.
“[Counsel for Alan Mortgage]: And that was a conscious decision; correct?
“Gadapee: We were completing our coverage determination at that time.”
On July 8, 2004, Alan Mortgage, Wedge-worth, and Holmes (hereinafter collectively referred to as “Alan Mortgage”) filed a third-party complaint against Nationwide, alleging breach of an insurance contract and bad faith, seeking both compensatory and punitive damages. Alan Mortgage also requested specific performance of the insurance contract. Nationwide answered. Alan Mortgage filed a second amended complaint. In its answer to the second amended complaint, Nationwide asserted an “advice-of-counsel” defense. Alan Mortgage moved the trial court to strike that affirmative defense as untimely pleaded.
On March 23, 2005, the trial court granted Alan Mortgage a partial summary judgment establishing that Nationwide had breached its contract and that it had a duty to defend Alan Mortgage in the actions. Alan Mortgage states in its response to Nationwide’s petition that
“[d]espite this ruling, Nationwide has still not reimbursed Alan Mortgage for defense costs incurred before Nationwide finally agreed to provide a defense subject to a reservation of rights. Instead, Nationwide agreed only to reimburse a portion of those fees and only if *359 Alan Mortgage dismissed the bad faith claim.”[2]
On September 27, 2005, Alan Mortgage served its “Second Request for Production of Documents” on Nationwide, which included the following requests that Nationwide finds objectionable:
“3. All documentation or electronic information regarding the relationship between [Nationwide] and the law firm of Clement, Hare and Duck, P.C. [sic], including, but not limited to, all contracts, agreements, lists of case assignments and requests for coverage opinions, and information regarding the amounts paid in compensation to said law firm during the years 2000, 2001, 2002, 2003 and 2004.
“4. All electronic mail or other electronic communications between [Nationwide] and its counsel of record in this case regarding the insurance coverage issues and the dispute made the basis of this lawsuit.”
Alan Mortgage also moved the court to award attorney fees pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975. According to Alan Mortgage’s motion, Nationwide “interposed defenses without substantial justification in that they were groundless in fact and in law.” (Nationwide’s reply brief, exhibit 5.) On October 3, 2005, the trial court ordered Nationwide to produce the requested discovery within 30 days.
On November 4, 2005, Nationwide requested a 30-day extension within which to file its response to the discovery requests. The trial court granted its motion. On December 7, 2005, Nationwide responded, objecting to the production of the requested documents, claiming the requests were not limited in time or scope, were irrelevant or immaterial, were not likely to lead to relevant or material evidence, violated the attorney-client and work-product privileges, and were overly broad, vague, ambiguous, and unduly burdensome.
On December 20, 2005, the trial court struck Nationwide’s advice-of-counsel defense because Nationwide had not shown good cause or any justification for its failure to plead the affirmative defense earlier.[3] On January 20, 2006, Alan Mortgage moved to compel production of the requested documents, and Nationwide objected. On January 26, 2006, the trial court ordered Nationwide to respond within 21 days.
On February 10, 2006, Nationwide moved for a protective order. After conducting a hearing, the trial court gave Nationwide leave to file a brief with regard to why Nationwide should not have to comply with the discovery requests. On June 19, 2006, the trial court denied Nationwide’s motion for a protective order and directed Nationwide to produce the requested documents within 30 days. Its order denying the motion was entered on June 20, 2006.
On July 18, 2006, Nationwide petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying Nationwide’s motion for a protective *360 order and ordering Nationwide to produce the documents.

Standard of Review

“In Ex parte Norfolk Southern Ry., 897 So.2d 290 (Ala.2004), this Court delineated the limited circumstances under which review of a discovery order is available by a petition for a writ of mandamus and the standard for that review in light of Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala.2003):
“ ‘ “Mandamus is an extraordinary remedy and will be granted only when there is ‘(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.’ Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). In Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala.2003), this Court announced that it would no longer review discovery orders pursuant to extraordinary writs. However, we did identify four circumstances in which a discovery order may be reviewed by a petition for a writ of mandamus. Such circumstances arise (a) when a privilege is disregarded, see Ex parte Miltope Corp., 823 So.2d 640, 644-45 (Ala.2001); (b) when a discovery order compels the production of patently irrelevant or duplicative documents the production of which clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit received by the requesting party, see, e.g., Ex parte Compass Bank, 686 So.2d 1135, 1138 (Ala.1996); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party’s entire action or defense so that, in either event, the outcome of the case has been all but determined and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that an appellate court cannot review the effect of the trial court’s alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case — that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ’g Co., 601 So.2d 423, 426 (Ala.1992).” ’
“897 So.2d at 291-92 (quoting Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1136-37 (Ala.2003)).”
Ex parte Orkin, Inc., 960 So.2d 635, 638 (Ala.2006).

Discussion

Before considering the substantive issues raised by Nationwide, we must address Alan Mortgage’s motion to dismiss this petition. According to Alan Mortgage, Nationwide’s petition is untimely because, it says, Nationwide did not file the petition within a reasonable time, see Rule 21(a)(3), Ala. R.App. P. (“The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or a lower appellate court shall be the same as the time for taking an appeal [42 days from the entry of judgment].”).
Alan Mortgage states:
“Nationwide goes to great lengths in its Petition to portray that it is seeking mandamus relief relating to the June 19, 2006 order denying its Motion for Pro *361 tective Order and not the January 26 order granting Alan Mortgage’s Motion to Compel. However, a review of Nationwide’s Petition makes one thing certain — it is really nothing more than an attempt to get a ‘third’ bite at the apple on Alan Mortgage’s Motion to Compel— and is therefore directed not to the June 19 order denying the Motion for Protective Order (which motion ... is nothing more that Nationwide’s rehashing of the arguments in its brief in opposition to the motion to compel), but to the January 26, 2006 order granting the motion to compel.”
(Alan Mortgage’s motion to dismiss at p. 3.)
In Ex parte Reynolds Metals Co., 710 So.2d 897 (Ala.1998), an employee sued his employer. The trial court granted the employee’s motion to compel certain discovery and ordered that the discovery be produced within 21 days of the order. Before the 21-day period expired, the employer filed a petition for a writ of mandamus, arguing that the discovery order was overly broad and unduly burdensome. This Court held that the employer’s failure to seek a protective order from the trial court rendered its petition for the writ of mandamus premature. Requiring the party allegedly burdened by discovery to request a protective order from the trial court before seeking mandamus relief with this Court allows the trial court an opportunity to address its alleged error before a party seeks mandamus relief from an appellate court to correct the alleged error.
In the present case, the trial court entered its order compelling discovery on January 26, 2006. On February 10, 2006, Nationwide moved for a protective order on the grounds that the discovery sought was irrelevant and not discoverable in an action alleging breach of contract or bad faith. On June 20, 2006, the trial court entered its order denying Nationwide’s motion for a protective order. On July 18, 2006, within 42 days of the entry of the trial court’s order denying the protective order, Nationwide petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying Nationwide’s motion for a protective order. Nationwide’s filing a motion for a protective order allowed the trial court the opportunity to address its alleged error before Nationwide sought relief in this Court.
Ex parte Orkin, Inc., supra, is disposi-tive of the timeliness issue, even though it was released after Nationwide petitioned this Court for review. In Ex parte Orkin, the pest-control company filed a petition for a writ of mandamus, seeking an order directing the trial court to vacate certain portions of discovery orders in an action against the company alleging breach of contract, negligence, and fraud. This Court held that the presumptively reasonable time for filing a petition for a writ of mandamus began to run on the date the trial court entered the order denying the pest-control company’s motion for a protective order. Thus, Nationwide’s petition is timely and Alan Mortgage’s motion to dismiss the petition is denied.
We now address the substantive issues presented in Nationwide’s petition. With regard to Alan Mortgage’s discovery request no. 3' — seeking “[a]ll documentation and electronic information regarding the relationship between [Nationwide]” and its counsel — Nationwide contends that the trial court exceeded the scope of its discretion in ordering production of all documentation or electronic information regarding that relationship. According to Nationwide, the documents are irrelevant and immaterial to the asserted causes of action and the production of the documents constitutes harassment, imposing a burden “far out of proportion to any bene *362 fit” that Alan Mortgage may obtain — the exceptional circumstance (b) provided in Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (“a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party”). Nationwide further maintains that because its advice-of-counsel defense has been stricken, the documents sought in request no. 3, i.e., “contracts, agreements, lists of case assignments and requests for coverage opinions, and information regarding the amounts paid in compensation” to Nationwide’s counsel, cannot be relevant. Therefore, Nationwide reasons, none of the requested documents relate to factors that must be proven to support Alan Mortgage’s claims, and it should not be required to produce the documents.
Alan Mortgage contends that the nature of its bad-faith claim and of its motion for attorney fees establishes that the documents sought in discovery request no. 3 are relevant and material. According to Alan Mortgage, Nationwide engaged in continuous acts of bad faith by “seeking ‘post-mortem’ (post-decision) coverage opinions from legal counsel with whom it has a close, ongoing financial relationship in order to cover its tracks, and using its legal counsel to litigate its insured into submission.” (Alan Mortgage’s response at p. 11.) Alan Mortgage further argues that the requested documents will support its theory that Nationwide persistently “asserts a clearly inapplicable exclusion (the professional services exclusion), and ... baseless ‘advice of counsel’ defense despite the fact that its own claims adjuster, Ryan Gadapee, has admitted that Nationwide made the decision not to defend before it received its legal counsel’s coverage opinion.”
Nationwide has not satisfied its burden with regard to discovery request no. 3 to warrant review of the trial court’s discovery order pursuant to an extraordinary writ. In Ex parte Ocwen Federal Bank, we held that this Court would review a discovery order only under exceptional circumstances. The materials before us on this petition for the writ of mandamus establish that Nationwide has not met its burden of demonstrating that the requested discovery is “patently irrelevant,” as required to come within the only possibly applicable exceptional circumstance of Ex parte Ocwen Federal Bank, and that the production of the discovery is far out of proportion to the benefit received by Alan Mortgage. Although it appears that the requested discovery may not be relevant and admissible at trial, we cannot conclude that the documents are “patently irrelevant” and, consequently, not discoverable. Such a determination of relevance and admissibility is proper for review on appeal, not by an extraordinary writ.
Additionally, Nationwide’s argument that the production of the requested documents will be arduous because it would take an employee six months to find the documents is unpersuasive. Nationwide has not demonstrated that the requested discovery is not easily accessible through its counsel of record and, therefore, readily available upon Nationwide’s request that counsel produce the documents. Therefore, Nationwide has not established that the burden of producing the documents regarding its relationship with counsel is difficult, is “far out of proportion to any benefit that may obtain to” Alan Mortgage, or warrants the issuance of an extraordinary writ to prevent discovery.
With regard to Alan Mortgage’s discovery request no. 4 for “[a]ll electronic mail or other electronic communication *363 between [Nationwide] and its counsel of record in this case regarding the insurance coverage issues and the dispute made the basis of this lawsuit,” Nationwide states that it has provided Alan Mortgage with all communications between Nationwide and its counsel that occurred before Nationwide made its decision to deny coverage, including its no-coverage opinion letter. Nationwide maintains that any communications between Nationwide and its counsel that occurred after Nationwide denied coverage are patently irrelevant to the cause of action and are protected from disclosure by the attorney-client privilege and the work-product doctrine — exceptional circumstance (a) in Ex parte Ocwen Federal Bank, 872 So.2d at 813, i.e., “a privilege is disregarded.”
Rule 502(b), Ala. R. Evid., incorporates into the Rules of Evidence the attorney-client privilege, stating, in pertinent part:
“A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client, (1) between the client or a representative of the client and the client’s attorney or a representative of the attorney .... ”
This Court has stated:
“ ‘ “Whether a communication is privileged is a question of fact to be determined by the trial court from the evidence presented....”’ Exxon Corp. v. Department of Conservation & Natural Res., 859 So.2d 1096, 1103 (Ala.2002) (quoting Ex parte DCH Reg’l Med. Ctr., 683 So.2d 409, 412 (Ala.1996)). The burden is on the party asserting the attorney-client privilege to establish the existence of an attorney-client relationship as well as other facts demonstrating the claim of privileged information. Ex parte DCH Reg’l Med. Ctr., 683 So.2d at 412.”
Lynch v. Hamrick, 968 So.2d 11, 14 (Ala.2007). “The question whether a party has implicitly waived the attorney-client privilege ‘turns on whether the actual content of the attorney-client communication has been placed in issue [in such a way] that the information is actually required for the truthful resolution of the issues raised in the controversy.’ See Mortgage Guarantee & Title Co. v. Cunha, 745 A.2d [156], 160 [ (R.I.2000) ].” Ex parte State Farm Fire & Cas. Co., 794 So.2d 368, 376 (Ala.2001).
With regard to the discovery of work product, this Court has stated:
“Rule 26(b)(1), Ala. R. Civ. P., states the general rule of discovery — that a party may obtain discovery of all matters, not privileged, that are ‘reasonably calculated to lead to the discovery of admissible evidence.’ An exception (itself subject to certain exceptions) to the general rule protects from a party’s discovery documents prepared by the opposing party or by or for the opposing party’s representative in anticipation of litigation. The protection of this exception extends in any event to ‘the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.’ Rule 26(b)(3). ‘Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-product exception.’ Ex parte Garrick, 642 So.2d 951 (Ala.1994). ‘ “[T]he test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.” ’ Sims v. Knollwood Park Hosp., 511 *364 So.2d 154, 157 (quoting Binks Mfg. Co. v. National Presto Indus., Inc., 709 F.2d 1109, 1119 (7th Cir.1983)). ‘The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an “in house” report as work product.’ Sims, 511 So.2d at 158 (quoting Janicker v. George Washington Univ., 94 F.R.D. 648, 650 (D.D.C.1982)). ‘An evidentiary showing by the objecting party is not required until the parties are “at issue as to whether the document sought was, in fact, prepared in anticipation of litigation.” ’ Ex parte State Farm Automobile Ins. Co., 761 So.2d 1000, 1002-1003 (Ala.2000) (quoting Ex parte Garrick, 642 So.2d at 953). A motion to compel filed by the party requesting discovery puts the parties at issue. Id.”
Ex parte Cummings, 776 So.2d 771, 774 (Ala.2000).
“The work product doctrine is distinguished from the attorney-client privilege in that the latter applies only to communications between client and counsel. The work-product doctrine is broader in that it affords protection to all documents and tangible items prepared by or for the attorney of the party from whom discovery is sought ‘as long as they were prepared in anticipation of litigation or preparation for trial.’ C. Lyons, Alabama Rules of Civil Procedure Annotated, § 26.6 (2d ed. 1986)
[[Image here]]
Ex parte Great American Surplus Lines Ins. Co., 540 So.2d 1357, 1360 (Ala.1989).
In this case, Alan Mortgage is entitled to discover the communications and documents created before Nationwide denied coverage on July 2, 2004; communications and documents created after that date are protected by the attorney-client privilege and by the work-product doctrine, because they were conducted or prepared in anticipation of litigation. Nationwide denied coverage on July 2, 2004; Alan Mortgage filed its third-party complaint against Nationwide on July 8, 2004. Therefore, any communications between Nationwide and its counsel or any documents prepared after the date coverage was denied — July 2, 2004 — are privileged and not discoverable. Moreover, Nationwide’s assertion of the advice-of-counsel defense and its production of privileged documents supporting that defense did not waive the attorney-client privilege as to communications between Nationwide and its counsel occurring after Nationwide denied coverage, because those communications were not placed at issue by the assertion of the defense. See Ex parte Great American Surplus Lines Ins. Co. (holding that an insurer’s response that it relied on the advice of counsel in making its decision to deny coverage was insufficient to evidence an intent to waive the attorney-client privilege). The only discoverable documents were created before or on the date that coverage was denied, and nothing before us indicates that Nationwide has not complied with this portion of the discovery order; therefore, Nationwide has established that the trial court exceeded the scope of its discretion by ordering production of “[a]ll electronic mail or other electronic communications between [Nationwide] and its counsel of record in this case.” Nationwide has satisfied its burden for issuance of an extraordinary writ in this regard.

Conclusion

Nationwide has not established a clear legal right to a protective order regarding the production of documents in response to discovery request no. 3 — documents concerning the relationship between Nationwide and its counsel. Nationwide, howev *365 er, has established a clear legal right to a protective order with regard to the production of privileged communications and work-product documents created after it denied coverage — materials sought by discovery request no. 4. Therefore, we grant the petition for the writ of mandamus with regard to discovery request no. 4 and direct the trial court to vacate the portion of its order compelling production by Nationwide of privileged communications and documents created on or after July 2, 2004, and to order those communications and documents protected from discovery.
MOTION TO DISMISS PETITION DENIED; PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
SEE, LYONS, STUART, SMITH, and PARKER, JJ., concur.
COBB, C.J., and WOODALL, J., concur in the result.
MURDOCK, J., concurs in the result in part and dissents in part.

. The materials submitted on this petition for the writ of mandamus do not indicate the relationship of the two individuals to Alan Mortgage. We assume they are employees.

. Although Nationwide took exception to several of the factual assertions made by Alan Mortgage in its response, it did not refute this assertion.

. On January 23, 2006, Nationwide petitioned this Court for a writ of mandamus in each of the underlying actions directing the Pickens Circuit Court to allow Nationwide to plead and establish an advice-of-counsel affirmative defense. On September 15, 2006, without an opinion, this Court denied Nationwide's petition for a writ of mandamus. Ex parte Nationwide Mut. Ins. Co., [1050517 and 1050519, September 15, 2006] 992 So.2d 803 (Ala.2006) (table).