SHAW, Justice
(concurring specially).
I concur in granting the petition and issuing the writ. I write specially to address an argument made by the respondents, Joy King Ewing and Rachel K. Bie-ber (hereinafter referred to collectively as “Ewing”).
Ewing contends that the decisions in Ex parte Cummings, 776 So.2d 771 (Ala.2000), and Ex parte Cryer, 814 So.2d 239 (Ala.2001), dictate that Mark Neuberger’s post-incident report cannot be considered to have been “prepared in anticipation of litigation.” Both of those decisions note the settled rule paraphrased as follows: In determining whether a document is privileged work product, the test is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an “in house” report as work product.
The document in question in Cummings was a worker’s compensation case file. Although a worker’s compensation claim might ultimately result in litigation, the case file in Cummings was prepared in the ordinary course of business and not in anticipation of litigation. 776 So.2d at 775. Cryer involved a document prepared by a doctor relating to a birth where injury to the baby occurred. There was no evidence indicating that the preparer of the document knew of impending litigation, and, on *254 the contrary, there was some evidence indicating that the document was prepared for another purpose. 814 So.2d at 247-48
The facts and evidence surrounding the preparation of Neuberger’s report here are clearly distinguishable from those in the cases cited by Ewing. It was not an “in house” document that was routinely created in the ordinary course of business; instead, for all that appears, Neuberger’s report was a unique document created for the sole purpose of preparing a defense in anticipated litigation. I see this as different from a document produced merely in the ordinary course of business under the cloud of possible litigation.